## BANK OF COMMERCE & TRUST CO., Ex'r, v. TRIGG et al., Ex'rs.

No. 16949. Opinion Filed Nov. 15, 1927.

Rehearing Denied Sept. 24, 1929.

A. G. Etheredge and R. H. Stanley, for plaintiff in error.

Lydick & McPherren, for defendants in error.

HEFNER, J. This is an appeal from a decree and judgment of the district court of McCurtain county, decreeing distribution of the estate of Jerome B. York, deceased, and from an order overruling a motion for a new trial. Elizabeth York, the widow of Jerome B. York, is the plaintiff in error, and will be referred to herein as plaintiff, Since the filing of this case in the Supreme Court, the plaintiff departed this life, having died on January 7, 1926, and Bank of Commerce & Trust Company has been appointed executor under her last will and testament and has duly qualified and is acting as such, and this cause has been revived in this court in the name of said executor. Robert York and Mary Y. Trigg, nee York, the executors of the estate of Jerome B. York, deceased, and the residuary legatees under his will, are the defendants

in error, and will be referred to herein as defendants.

On December 12, 1914, Jerome B. York made a last will and testament devising all his property to certain of his kindred. By article 2 of the will he bequeathed to the defendants, Robert York, his son, and Mary Y. Trigg, his daughter, in trust and to be held by them, in trust for Elizabeth York, his wife, for and during her natural life, the sum of $70,000, to be invested by the trustees in a safe way for his wife's benefit. From the income of the $70,000 the testator directed the trustees to pay to his said wife the sum of $300 per month.

To certain of his children, grandchildren, and other relatives he gave various amounts, not necessary to mention here further than to say that he gave Grace York Nelson, his daughter, $100; Minnie York Anderson, his daughter, $500; and Lucile Anderson, now Johnson, his granddaughter, $1,000. By article 10 of the will he gave all of the residue of his estate to Robert York and Mary Y. Trigg. share and share alike, and by article 11 he made them executors of his estate without bond.

On July 6, 1919, Jerome B. York departed this life while a resident of McCurtain county, Okla. His will was admitted to probate by the county court of McCurtain county, Okla., on October 15, 1919. On the same date defendants, Robert York and Mary Y. Trigg, qualified as executors of said estate. From the order of the county court admitting the will to probate Grace York Nelson and Minnie Anderson, testator's two daughters, appealed to the district court of McCurtain county. The district court affirmed the county court, admitting the will to probate. From the order of the district court an appeal was prosecuted to the Supreme Court and there the district court was affirmed. (See Nelson v. York, 87 Okla. 210, 209 Pac. 425.)

The will of Jerome B. York contains bequests and legacies as follows:

"Article 2. I hereby give, devise and bequeath unto my son Robert York and Mary Y. Trigg in trust and to be held by them, in trust for my wife Elizabeth York, for and during her natural life, the sum of seventy thousand ($70,000) dollars, to be invested by them in a safe way for her benefit; and from the income of same, I direct that they pay to her or for her support, the sum of three hundred ($300) dollars per month, or such sums as may be needed to provide for her every comfort and attention. "Said trustees are authorized and empowered to sell and convey any property that they may invest this trust fund in at any time that they may think it best to do so and reinvest the funds derived from such sale in other property to be held by them in trust for the uses and purposes as above stated. Any one purchasing property from said trustees, shall not be required to look after or be responsible for the reinvestment of the money paid to the trustees in pursuance of such sale. I direct that all of this trust fund that may remain at the death of my said wife shall become a portion of my estate to be distributed as hereinafter directed.

"Article 3. I give and bequeath to my daughter, Minnie York Anderson, the sum of five hundred ($500) dollars.

"Article 4. I give and bequeath to my daughter, Grace York Nelson, the sum of one hundred ($100) dollars.

"Article 5. I give and bequeath to my sister-in-law, Mrs. Lillie Miller, the sum of five hundred ($500) dollars.

"Article 6. I give and bequeath to my granddaughter, Lucile Anderson, the sum of one thousand ($1,000) dollars.

"Article 7. I give and bequeath to my granddaughter, Helen Trigg, the sum of one thousand ($1,000) dollars.

"Article 8. I give and bequeath to my grandson, York Trigg, the sum of one thousand ($1,000) dollars.

"Article 9. I give and bequeath to my nephew, William A. Wells, the sum of five hundred ($500) dollars.

"Article 10. I give, bequeath and devise all the residue, rest and remainder of my estate, both real and personal property, including whatever may be held, after the death of my wife, under the provision of article two herein, to my two children, Mary York Trigg and Robert York, to be divided between them equally, share and share alike, and in the distribution of my estate between my two said children, I direct that neither of them shall be charged with any money or property which I have given them."

At the time this will was written Jerome B. York had an estate valued at about $250,000. The appraised value of the estate at the time of his death was about $100,000.

At the time the will was executed Jerome B. York and his wife were separated and never lived together thereafter. She was 65 or 70 years of age, was afflicted with heart trouble and goiter, and was living in the Chiska Hotel at Memphis, Tenn., one of the most expensive hotels in the city.

It is contended by plaintiff that the widow had a right to take both under the will and

under the statute of the state as an heir. The defendants contend that the setting aside of the $70,000 in trust for the support of the widow was in lieu of her right to take one-third of the estate under the statute and that she could not take under the statute as a forced heir and at the same time take under the will. It is therefore apparent that it is necessary for this court to determine whether or not the widow under this will had the right to take both under it and under the statute of the state as an heir.

The plaintiff in error urges that:

"The district court erred in finding and holding that the plaintiff in error was required to elect between her statutory right to one-third of the testator's property and the annuity provided for her by the will of the testator, and that she could not take both."

The plaintiff bases this proposition primarily on the ground that the provisions made by the husband for his wife will be presumed to be a bounty in addition to her share of the property as a forced heir and that she is not required to elect, and is entitled to both.

Section 11224, C. O. S. 1921, is as follows:

"Provided, that no marriage contract in writing has been entered into between the parties; no man, while married, shall bequeath more than two-thirds of his property away from his wife, nor shall any woman, while married, bequeath more than two-thirds of her property away from her husband."

This court construed this statute in the case of York v. Trigg et al., supra, wherein Mr. Justice Kennamer, speaking for the court said:

"Under section 8341, Revised Laws 1910, a will by a married man which bequeaths more than two-thirds of the testator's property away from his wife is invalid as to his wife, and such surviving wife has the right to elect whether she will take under the will or receive her distributive share of such deceased testator's property with which he died seized as an heir at law."

It is apparent from this statute and the case construing it that when the husband executes a will which bequeaths more then two-thirds of the estate away from his wife, it is invalid as to her and she has the right to elect whether she will take under the will or under the statute.

The husband, under the law, may bequeath to his wife practically all of his estate if he so desires. In the instant case, Jerome B. York could have bequeathed to his wife all of his estate provided he complied with section 11255, C. O. S. 1921. It is therefore the intent of the testator, as gathered from the terms of the will and the conditions and circumstances surrounding its execution, that must control. Was it the intention of the testator that his wife should take both under the will and as a forced heir, or was it his intention that the $70,000 trust fund set aside for her benefit was in lieu of her right to inherit under the statute? If it was his intention that the trust fund set aside for her benefit was in lieu of her right under the statute, then it became her duty to elect whether she would take under the statute or under the will.

As to whether the widow is put to an election between accepting the provisions of the will, or taking as an heir under the statute, depends upon the express or implied intention of the testator. Where the testator has clearly manifested the intention to make the testamentary gift to the widow stand in lieu of her interest as an heir, if she desires to take under the will, she must affirmatively elect to do so. On the other hand, if it does not so appear, the bequest to the widow contained in the will is presumed to be a bounty in addition to her interest as an heir in the estate.

In determining what the intention of the testator was in the matter of requiring an election on the part of the widow, consideration should be given to whether the provisions of the will are inconsistent with the widow's right to take both under the will and under the statute, and as to whether by so doing the widow would defeat the plan and intent of the testator as expressed in the will, and should it be determined that the widow's taking under both the will and statute will defeat the plan and intent of the testator, the widow will be put to an election.

Since the intent of the testator shall control, a careful examination of the will involved is necessary.

From an examination of the various terms of the will, it will be seen that the testator disposed of all of his property. He provided how and to whom it should go. Article 2 provided for the $70,000 trust fund for the use and benefit of the widow for and during her natural life. After providing for the trust fund in article 2, he further says, "I direct that all of this trust fund that may remain at the death of my said wife shall become a portion of my estate to

be distributed as hereinafter directed." The will directs that all of the trust fund that remains after the death of the widow shall be divided between Mary York Trigg and Robert York in equal shares.

From an inspection of the will and its various terms, it seems clear that Jerome B. York intended to dispose of all of the property owned or held by him at the time of his death, and that the will clearly shows how and to whom all of said property should go, and that it was clearly his intention that his widow, Elizabeth York, should take under the will the $70,000 bequeathed in trust for her support during her life as her distributive share of the estate and no more, and that she should not take, in addition thereto, one-third of the estate as an heir under section 11301, C. O. S. 1921. It therefore follows that under this will, the widow could not take both under the will and under the statute, and it was necessary for her to make an election if she desired to take under the will.

The widow died without having made an election. Does the right of election pass to her heirs? In the case of Fosher v. Guilliams, 120 Ind. 172, 22 N. E. 118, the court said:

"The right to elect is strictly personal and can be exercised only by the widow, and, if she dies before the time for election has expired, the right expires with her, in the absence of a statute authorizing its exercise afterwards by her heirs or representatives."

There are other states that hold to the same doctrine as announced in the Indiana case, supra. It therefore follows that the right to elect is a personal right and does not pass to the heirs, and since Elizabeth York died without having elected to take under the will. her heirs have no right to make the election.

Since the widow died without electing to take under the will, did she take under the will or under the statute? There are numerous decisions holding that, where an election is necessary and where the legatee dies without having made an election, the heirs of the deceased are presumed to take under the will and not under the statute. All of these cases, however, in so far as we have been able to ascertain, are based on statutes. The statutes usually provide that where an election is necessary and no election is made within a certain period of time, usually six or twelve months, the legatee shall be deemed to take under the will.

In the case of Norquist's Estate v. Sahlhom (Minn.) 131 N. W. 323, the court said:

"It is well settled that a husband or wife may dispose of his or her property by will, * * * subject to the right of the survivor to reject the same and take under the statute. The right to reject the provisions of the will is secured by section 3649, Rev. Laws 1905. The failure to elect within the time and manner therein provided is equivalent to an assent to the disposition of the property as fixed by the will."

The Illinois statute is similar to that of Minnesota, and there are other states that have similar statutes. In all the states where these statutes prevail, it is uniformly held that if the wife does not make an election, she is deemed to take under the will. The statutes so provide. These decisions, therefore, are not in point in this state, because we have no such statute.

It is clear from the terms of the will of Jerome B. York that he did not intend the trust fund set aside for his wife as a bounty in addition to her right to take under the statute. It was, therefore, necessary if she desired to take under the will, to affirmatively elect to do so. Since the will was invalid as to her unless she affirmatively elected to take under it, and since she did not do this, it follows that one-third of the estate of Jerome B. York was inherited by her as a forced heir, and on her death the same passed to her heirs or legatees.

At the time this case was tried in the district court Elizabeth York had received approximately $20,000 from the estate of the deceased. Was this amount paid as an allowance under the statute? The $300 per month, the amount mentioned in the will, was paid to her under an order of the county court based on an agreement signed by the attorneys for both the plaintiff and defendants. The agreement follows:

"It is hereby agreed and stipulated by and between counsel of record for the executors of the estate of Jerome B. York, deceased, and the attorneys of record of the widow, Elizabeth York, that since the terms of the will of Jerome B. York, deceased, provided the sum of $300 per month shall be paid to the said widow, Elizabeth York, and the executors have at all times been ready and willing to comply with the said provisions, and since the said sum will be sufficient for the present needs of the said widow, and since further contingencies can be taken care of by proper action of the said executors, or by order of the court, that the county court of McCurtain county, Okla., may order

the executors of the said estate to pay to the said widow the sum of $300 per month from the date of the death of the said deceased, Jerome B. York, until further order of the court.

"That said payment shall not be deemed or construed as a surrender of any of the rights of either the executors or the widow, Elizabeth York, in the further administration of the said estate."

The order of the court is as follows:

"On this the 24 day of December, 1919, upon stipulation of the attorneys for the executors of the said estate and the widow, Elizabeth York, the parties in interest herein, which stipulation shows that such payment is authorized by the terms of the will herein and is necessary to the proper support of the said widow of the deceased, and the court being fully advised in the premises, orders and directs the said executors to pay to the said widow, Elizabeth York, the sum of $300 per month from and after the death of the deceased, Jerome B. York, and until further order of the court.

"That this order shall not prejudice the rights of any of the parties in interest in the further administration of the said estate."

It must be borne in mind that Elizabeth York at all times claimed both under the will and one-third of the estate as a forced heir under the statute. The executors admitted that she was entitled to receive $300 per month under the will. Nobody objected to the payment of this amount. The order of the court and the agreement on which it was based, provided that the payment of the amount should not prejudice the rights of any of the parties to the further administration of the estate. It is not reasonable to suppose that the executors would have agreed to the payment of the $300 per month if it had been understood by the parties at the time that this was to be paid as a family allowance under the statute. Neither the agreement of counsel nor the order of the court refers to the payment as a family allowance. The agreement is based upon the fact that the amount was allowed under the will of Jerome B. York, and the order of the county court also recites that such amount is authorized by the terms of the will. The amount was allowed, not on a petition for a family allowance, but on the agreement of the counsel on the theory that the payment was authorized by the will, with the express understanding that it should not prejudice the rights of either of the parties to the further administration of the estate.

We do not think it was the intention of any of the parties, nor the county court, that the amount should be charged as a family allowance, and we therefore hold that it was not paid to her as such.

Since it was not paid to her as a family allowance, whatever amount she received up to the time of her death must be charged to and against the one-third of the estate inherited by her heirs.

Error is assigned because the district court refused to allow A. G. Etheredge, the attorney appointed by the county court to represent Elizabeth York, a nonresident, an attorney's fee for his services as such in representing her. The evidence discloses that at the time the appointment was made no one represented Elizabeth York. The evidence further discloses that an attorney had been appointed to represent her in making an application for a family allowance, but this appearance was for that purpose only. We think, under the statute and under the facts in this case, the court had authority to make the appointment and the attorney so appointed should be allowed a reasonable fee for his services, and this fee should be paid as a cost of administration of the estate and charged to and paid out of the one-third interest inherited by the heirs of Elizabeth York.

The case is reversed and remanded, with directions that the estate be distributed in accordance with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

RILEY, J., dissents.

On Rehearing.

ANDREWS, J. On a petition for rehearing the attention of the court is called to the judgment of the county court on hearing of petition for distribution of the estate, rendered on the 2nd day of July, 1923, in which that court found that the widow, in addition to receiving $300 per month under the terms of the will, was

"* * * entitled to a widow's allowance for her support from and after the date of the death of the said Jerome B. York until the final settlement of said estate, and the court finds that $300 per month is a reasonable allowance for the widow's support, and that she should be paid said sum of $300 per month from and since the date of the death of the said Jerome B. York, deceased, or the sum of $18,000 and the sum of $300 per month beginning on the 1st day of August,

1923, and until the final settlement of the estate"

—and ordered

"* * * that the executors pay to the widow of Jerome B. York, deceased, Elizabeth York, the sum of $18,000, as a widow's allowance for her support, and that they pay her the sum of $300 per month beginning on the 1st day of August, 1923, until this estate is finally closed and settled."

The petition for rehearing calls attention to the fact that this order and judgment was a construction of the order made on December 24, 1919, by which the executors were ordered to pay the widow the sum of $300 per month.

Attention is also called to the answer brief of defendants in error, in which it is said:

"It is true that the district court incidentally recited that the monthly payments of $300 for the support of the widow had been made by the executors under the will. That fact was not in issue and was not a material one in determining whether Mrs. Elizabeth York should continue to receive an allowance when she began taking under the will some four years after the death of her husband. Counsel for plaintiff in error plead in the answer of Mrs. York herein that she was receiving 'from the executors as per order of the court as an allowance for the widow or family the sum of $300 per month, but has not received any sum from the executors under or by virtue of the terms of the will of the estate of Jerome B. York, deceased.' So it appears that Mrs. Elizabeth York, in her pleading, alleges that she has received the widow's allowance, and there is no denial of her receipt of same on the part of the executors. However, the executors allege that when she took under the will, in 1923, the allowance provided therein, that she was not entitled to continue to take the temporary allowance made by the county court, for the widow, in 1919. Counsel insist that Mrs. York was entitled to this allowance until the will was probated, and with that we have no quarrel; and she has received same, but with counsel's insistence that when she elected to take under the will the proceeds of the trust fund, in 1923, she was still entitled to receive the widow's allowance made in 1919, we took issue. This issue was submitted to the district court and determined against the contention of the plaintiff in error."

This court holds that under the facts disclosed in this case the widow takes under the law. Under section 1227, C. O. S. 1921:

"If the amount set apart as aforesaid be less than that allowed, and insufficient for the support of the widow and children, or either, or, if there be no such personal property to be set apart, and if there be other estate of the decedent, the court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary or of administration."

The county court, on December 24, 1919, allowed the widow and ordered the executors to pay her the sum of $300 per month. At that time, according to the records, she was without means of support, and there had been no determination of what she was to receive from the estate. On the 2nd day of July, 1923, the county court made an order distributing the estate and decreeing her $300 per month under the will, $300 per month as allowance under the law and one-third of the estate under the law. Thereupon the widow began to receive $300 per month under the will. The evidence shows that that was the amount necessary for her support. It was not necessary thereafter that she have an allowance for the reason that the allowance was only for the maintenance of the family during the progress of the settlement of the estate. Up to that date she was entitled to and was given an allowance. Thereafter she was not entitled to an allowance.

The opinion in this case is therefore modified to provide that the widow be allowed $300 per month from the date of the death of the deceased to the 2nd day of July, 1923, which amount shall be paid out of the estate and charged as other costs of administration. All sums paid to her after the 2nd day of July, 1923, should be charged to and against the one-third of the estate inherited by her heirs.

In all other particulars the opinion stands as promulgated, and the petition for rehearing is denied.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J. and RILEY, J., absent.

CLARK, J., not participating.