This is an appeal by the executors of the estate of Jerome B. York, deceased, from a judgment of the district court of McCurtain county, directing said executors to pay A. G. Etheredge $2,500 as attorney's fee for services rendered the widow, Elizabeth York, and to charge the same as cost or expense of administration of the estate. The reasonableness of the amount of the fee is not questioned.
Under section 1407, C. O. S. 1921, (section 1081, O. S. 1931, section 6498, Rev. Laws, 1910), the county court, on November 4, 1919, appointed George T. Arnett attorney for Elizabeth York, an unrepresented nonresident heir. A. G. Etheredge succeeded to the rights of his former law partner, Arnett. On July 2, 1923, the county court entered an order fixing the amount of the fee and directing the executors to pay it and deduct that amount from Elizabeth York's share of the estate. At that time there was a sufficient amount in the hands of the executors belonging to Elizabeth York, or later forthcoming to her, to either pay this fee or withhold and suspend the payment thereof until final adjudication of the matter. Instead, however, the executors appealed to the district court, where the county court was reversed and the attorney's fee denied. From the judgment of the district court denying the fee and ordering distribution, Elizabeth York and the attorney, Etheredge, appealed to this court. Elizabeth York died, Bank of Commerce Trust Company was appointed executor under her will, and the appeal was revived in the name of the bank. That cause was decided here on November 15, 1927, and rehearing denied September 24, 1929, being styled Bank of Commerce Trust Co. v. Trigg et al., 138 Okla. 216, 280 P. 563, 566, wherein we held:
"* * * Error is assigned because the district court refused to allow A. G. Etheredge, the attorney appointed by the county court to represent Elizabeth York, a nonresident, an attorney's fee for his services as such in representing her. The evidence discloses that at the time the appointment was made no one represented Elizabeth York. The evidence further discloses that an attorney had been appointed to represent her in making an application for a family allowance, but this appearance was for that purpose only. We think, under the statute and under the facts in this case, the court had authority to make the appointment, and the attorney so appointed should be allowed a reasonable fee for his services, and this fee should be paid as a cost of administration of the estate, and charged to and paid out of the one-third interest inherited by the heirs of Elizabeth York. * * *"
After the rendition of the above judgment, A. G. Etheredge on January 13, 1930, filed a petition in the county court, in the original probate cause, against the executors, wherein he set forth the foregoing facts and prayed the court to make an order directing the executors to pay the said sum of $2,500 into court as costs, to be in turn paid to himself as attorney's fee. The county court then, upon hearing, found that the estate of Elizabeth York had overdrawn her share from the estate of Jerome York, to the extent of about $14,000, and ordered the executor of the Elizabeth York estate to repay that sum to the executors of the Jerome York estate. The order further provided:
"* * * That the executors of the estate *Page 572 
of Jerome B. York, deceased, are ordered and directed to pay the attorney's fee of $2,500.00 due from the said estate of Elizabeth York to A. G. Etheredge from the one-third interest inherited by Mrs. Elizabeth York, in the event the estate of Jerome B. York, deceased, is reimbursed by the payment of the last above named item and the executors of the estate of Jerome B. York are ordered and directed to pay the remainder of said one-third interest inherited by Elizabeth York in the estate of Jerome B. York, deceased, if any, to the Bank of Commerce Trust Company, of Memphis, Tennessee, the executor of the estate of Elizabeth York."
The attorney appealed to the district court, and it was there tried upon an agreed statement of facts, resulting in a judgment reciting the foregoing matters, including the excerpt from Bank, etc., v. Trigg, supra, and:
"The court further finds that the said amount of $2,500.00 allowed the said A. G. Etheredge is a reasonable fee for his services in representing the nonresident heir; that the said executors of the estate of Jerome B. York, deceased, now have in hand more than sufficient estate to pay said amount; that, therefore, the order of the county court should be reversed to the extent that said executors be ordered to pay to the said A. G. Etheredge, forthwith, the sum of $2,500.00 as attorney's fee for representing the said Elizabeth York, a nonresident heir, and the same charged as cost or expense of administration in said estate.
It is therefore ordered that * * * executors of the estate of Jerome B. York, deceased, be, and they are hereby ordered to pay to A. G. Etheredge, forthwith, the sum of $2,500.00 attorney's fee, and charge the same as cost or expense of administration of said estate, and the county court is hereby reversed to that extent. * * *"
The matter is now before this court on appeal by the executors on an agreed statement of facts. They first contend that the order appointing the attorney is void by reason of section 1407, C. O. S. 1921, being unconstitutional. They made the same statement in their brief in Bank, etc., v. Trigg, supra, but, as in the present briefs, cited no authorities, and neither did they appear to urge the matter seriously. We have read the briefs in that case as well as this. We decline passing on the constitutionality of a statute when the challenger thereof fails to favor us with either argument or authorities.
It is also contended that when the order appointing him was made, the attorney or his partner to whose rights he succeeded was already the personally retained and employed attorney for the widow. Our knowledge on this question is limited to the agreed statement of facts, and the briefs. The statement of facts recites:
"That on the 4th day of November, 1919, George T. Arnett, a member of the firm of Etheredge Arnett, was by order of the county court in the administration of the above estate appointed as attorney for Mrs. Elizabeth York, as an unrepresented nonresident, under the provisions of Section 1407, Compiled Oklahoma Statutes, 1921. That the firm of Etheredge Arnett first appeared for Mrs. Elizabeth York, in the administration of the same estate on November 4, 1919, in the county court of McCurtain County, Oklahoma, and filed an application on behalf of the said Mrs. Elizabeth York for widow's allowance under the statutes of Oklahoma."
We see nothing in the above to indicate a personal retention antedating the appointment. This matter was argued and decided in Bank, etc., v. Trigg, supra, and nothing new has by this appeal been brought to our attention.
The remaining objections of appellants resolve themselves into the proposition that it was error for the district court to order the payment of the fee into court as cost and expense of administration. They say that if they are accountable for the fee at all, it is only in case they now owe or may later owe the estate of Elizabeth York some unremitted portion of her one-third interest in the estate of Jerome York, but that there is no unremitted portion of her interest, because she overdrew that interest under the family allowance obtained for her by the appellee attorney. Such contention, however, overlooks the fact that over nine years elapsed between the date of the original county court order, directing the payment of this fee, and the date of the arguments advanced in appellants' brief. When the order was made on July 2, 1923, the share of the estate belonging to Elizabeth York, and in the hands of the executors, was obviously much in excess of the fee allowed; if this is not true, then neither the agreed statement of facts, the briefs, nor the conduct of the parties reveals it. In the brief of the executors in Bank of Commerce Trust Company, supra, no mention was made as to an insufficiency of funds, as an excuse or reason for the failure to obey the court's order. The executors had a right to appeal, as they did, but pending said appeal they should have at least attempted some action calculated to *Page 573 
impound or suspend from payment to Elizabeth York the amount of the fee covered by the original order. By so doing, they could not have gone wrong.
Appellants also take the position that the statute forbids the allowance of an attorney's fee in any case where the share of the heir for whom the attorney is appointed does not make a fee possible, as in cases where it develops that the supposed heir is in fact entitled to no share. We are not inclined to sustain this view. Section 1407, C. O. S. 1921 (section 1081, O. S. 1931), reads:
"At or before the hearing of petitions and contests for the probate of wills; for letters testamentary or of the administration; for sales of real estate and confirmation thereof; settlements, partitions and distributions of estate; and all other proceedings where all the parties interested in the estate are required to be notified thereof, the court may, in its discretion, appoint some competent attorney at law to represent in all such proceedings, the devisees, legatees, heirs, or creditors of the decedent, who are minors and have no general guardian in the county, or who are non-residents of the State, and those interested, who, though they are neither such minors or non-residents, are unrepresented. The order must specify the names of the parties for whom the attorney is appointed, who is thereby authorized to represent such parties in all such proceedings had subsequent to his appointment. The attorney may receive a fee to be fixed by the court for his services, which must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney. If for any cause it becomes necessary, the county court may substitute another attorney for the one first appointed, in which case the fee must be proportionately divided. The non-appointment of an attorney will not affect the validity of any of the proceedings."
The reason is apparent why, if the court first deems it necessary or advisable that an attorney be appointed, the fee "must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented." Ranking with importance, at least equal to that of proper distribution, is the necessity of correct and complete administration in compliance with the many requirements of probate procedure, to the end that no essential requirement be overlooked. Such considerations justify the appointment of an attorney in those occasional instances where the wisdom thereof is apparent to the court, and in some cases the appointment may be of more importance to the administration than to the party represented. From the viewpoint of the court, it is not so much a question of who gets how much, as it is that he make the correct decision. Sometimes this is a hazardous task in the absence of competent attorneys presenting all phases of the exact legal situation. We think it was never intended, by the provision of said section, to make the fee necessarily contingent. Nor did we, in Bank, etc., v. Trigg, supra, condition the payment thereof upon there being an undistributed portion of Elizabeth York's share still in the hands of the executors when the mandate was returned. One of the reasons why that condition does not exist is that the executors delayed the payment of the fee, and, pending appeal, in their payments to Elizabeth York and her estate apparently made no effort, either of their own volition or by obtaining proper court order, to hold in abeyance pendente lite the amount of this fee, a negligible sum compared with the widow's share.
The executors further complain that the application for the fee was oral; that Elizabeth York was not given notice of the hearing thereon; that the interest of Elizabeth York consisted only of the income from the trust fund of $70,000 which was provided under the will solely for her maintenance; and that no part thereof could be used for attorney's fees which had not accrued. All of these matters were argued in the briefs and considered by this court in Bank, etc., v. Trigg, supra. They further complain that the court had no authority to assess the fee until final distribution; while this method might be advisable, the terms of the statute do not make it mandatory.
The judgment of the district court is affirmed.
McNEILL, C.J., and RILEY, BUSBY, and GIBSON, JJ., concur.