John Harold McSPADDEN, Executor of the Estate of Joseph Henry McSpadden, Deceased, Heir at Law of said Deceased, and Legatee Under the Will of said Deceased, Plaintiff in Error,

v.

Mozelle McSPADDEN, Defendant in Error.

No. 37974.

Supreme Court of Oklahoma.

Oct. 14, 1958.

Houston, Klein & Davidson, Tulsa, Laurence M. Turner, Moline, Kan., for plaintiff in error.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for defendant in error.

PER CURIAM.

This action involves a determination of the proper distribution of the assets of the estate of Joseph Henry McSpadden, deceased, who left surviving him his widow, Mozelle McSpadden, defendant in error, and a son, John Harold McSpadden, executor of the estate and plaintiff in error herein. We shall continue to refer to the parties according to their relationship to the testator.

Testator died in August, 1953, a resident of Tulsa County, Oklahoma. His will, dated January 21, 1946, named his widow, a second wife whom he married in 1931 and of which marriage no children were born, and his son by a previous marriage as legatees and devisees according to his plan of succession set forth therein. The son was also designated to be executor. During the period prior to his death and subsequent to the execution of this will, testator caused considerable personal property owned by him to be transferred into accounts or securities naming himself and his wife as joint owners with right of survivorship. He also transferred title of their home in Tulsa to them in the same manner. After testator's death his widow discovered his will sealed in an envelope. She and the son had some discussion between themselves and with an attorney, who was a relative, concerning the proper place to initiate probate. Some of the real property owned by testator was lo-

cated in Kansas, and apparently in an endeavor to reduce the expense of administration, it was concluded that the will should be offered for probate in that state. Whether or not this was at the widow's insistence is a controverted fact. In any event, it is undisputed that she first learned the provisions of the will when the envelope was opened and the will read to the family at a gathering in Moline, Kansas, following the funeral. At that time she was advised that she could elect to take under the law and immediately signified her intention so to do. Thereafter the son offered the will for probate in Elk County, Kansas, on December 17, 1953. The widow waived notice. The will was admitted to probate there on February 6, 1954, and on February 15, 1954 the widow filed her written election "to take under the provisions of the law concerning descents and distributions and not under said will." This was within the period provided for such an election by the law of Kansas. It was subsequently concluded that the State of Oklahoma was the proper jurisdiction to handle the initial probate of the estate and the Kansas proceedings were terminated. On October 4, 1954, the will was offered for probate by the son in Tulsa County, Oklahoma, and an order admitting it to probate was filed October 18, 1954. On January 5, 1955, the widow also filed in this jurisdiction her written election to take under the law. The county court's order of distribution approved the widow's election to take under the law of succession and distributed the property accordingly. The district court on appeal did likewise. The son appeals.

The first proposition argued for reversal alleges that "The widow has by her acts and conduct elected to take under the will and she is estopped from claiming under the statute of succession." The evidence on this point overwhelmingly establishes that the widow signified in writing filed in the probate court of Tulsa County, as well as that of Elk County, Kansas, her election not to take under the will. This written notice was prior to any action by either court concerning a distribution of assets and was in ample time. Odle v. Baskins, 190 Okl. 664, 126 P.2d 276. Furthermore there was evidence that immediately upon learning of the provisions of the will she orally signified her intention to take under the law. Her declarations on this question have not been equivocal. To support his argument the son cites certain acts by the widow which, he contends, establish the proposition. First, he notes that she acquiesced in the decision to probate the will. This was no more than she was required to do. 58 O.S.1951 § 21. Second, he points out that she received payment of the rent for 1953 on certain of the property to which she was granted a life estate under the will, that she paid the annual taxes on this property, and that she has not accounted to the executor for the balance. In this regard we note that she did not pay taxes on all that property to which she was granted a life estate but only on that on which she received the rent money, and this occurred prior to the admission of the will to probate and the appointment of the executor in Kansas. The subsequent year's rentals were collected by the executor who also paid the subsequent taxes. We also note that this money was in payment of promissory notes due the previous month on which the testator or his wife were named as payee and which were for the rent of the property for the previous year. Furthermore, she has not been asked to account for this money by the executor. The widow's acts in this regard are certainly less than an unequivocal election to take under the provisions of the will, and we are unable to see how they misled the son, either as executor or devisee.

"No general rule can be formulated defining what acts of acceptance or acquiescence will constitute an election between a devisee in a will and a right inconsistent with the will, but there must be an intention to make an election, or some decisive act that will prevent restoring the parties

affected to the same situation as if such acts had not been performed." Kinnett v. Goodno, 170 Okl. 620, 41 P.2d 824.

We believe the great weight of the evidence in this action establishes that the widow elected not to take under the will and that her conduct created no estoppel. The facts creating an election or estoppel in the cases cited by the plaintiff in error are clearly distinguishable. An accounting by the widow for the rent money she received can, as suggested by her counsel, be considered upon amended or supplemental pleadings in the county court.

The two remaining assignments of error constitute an assertion that the widow must be charged in the distribution of assets with the property transferred to her by the testator during his lifetime as joint owner with himself. It is the son's position that by virtue of these assets not becoming a part of the estate and the widow's election to take by succession rather than by the provisions of the will, she is receiving more of the testator's estate than he intended. This may well be true, but it is not a valid objection. The transfer of ownership of these assets by the testator to the status of joint ownership with his wife with right of survivorship contains no limitations. There is nothing in the evidence to suggest they were intended as advancements as defined by our statute. 84 O.S.1951 § 225, In re Yates' Estate, 88 Okl. 259, 213 P. 87. The testator's conclusion that the transfers would avoid certain inheritance taxes cannot be permitted to limit the title created in his wife. And his desire expressed in a letter written at the time of the execution of his will, if still expressive of his intent at his death, does not operate to destroy the widow's statutory right to take under the law of succession rather than under the provisions of the will. The judgment distributing the property of deceased is not against the clear weight of the evidence. Boyes' Estate v. Boyes, 184 Okl. 438, 87 P.2d 1102.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.