Wm. E. DOUGHERTY, Jr., as Administrator with Will Annexed of the Estate of Oda M. Housh, deceased, Plaintiff in Error,

v.

FEDERAL NATIONAL BANK AND TRUST COMPANY OF SHAWNEE, Shawnee, Oklahoma, a Banking Corporation, as Executor of the Estate of Earl C. Housh, deceased, and Federal National Bank and Trust Company of Shawnee, Shawnee, Oklahoma, as Trustee under the Last Will and Testament of Earl C. Housh, deceased, Defendants in Error.

No. 39560.

Supreme Court of Oklahoma.

Sept. 18, 1962.

Rehearing Denied Jan. 22, 1963.

Harris Van Wagner, Shawnee, for plaintiff in error.

Thomas M. Stevens, Abernathy & Baker, Shawnee, for defendants in error.

HALLEY, Justice.

This case primarily involves the question of whether a judge of the District Court was correct when he directed the guardian of an incompetent to take under the will rather than under the laws of succession in a probate proceeding. The County Court had previously directed the guardian to elect to take under the laws of succession.

It appears that Oda Mayo and Earl C. Housh were married on or about May 18, 1914, and lived together as husband and wife until the death of Earl C. Housh on March 6, 1959. To this marriage no children were born.

When Earl C. Housh died he left an estate which inventoried at approximately two hundred and eight thousand dollars ($208,000). At that time Oda M. Housh had about twenty-eight thousand dollars including insurance received from policies that were carried on her husband.

These two people in their early married years both worked at the Mammoth Department Store in Shawnee, Oklahoma. They held responsible positions. In the later years of their marriage Mrs. Housh performed the duties of a housewife. Earl Housh became an active business man and met with success as his estate revealed. All that the two possessed was accumulated during coverture.

In 1931 Earl C. Housh executed a will in which he left everything in trust for his wife, Oda M. Housh, except the homestead, furniture and personal belongings. She was to have all the income from the trust estate and whatever else was necessary to take care of her for the rest of her life. At her death the will provided that all of the trust property should go to his lawful heirs. At or near the same time Oda M. Housh made a will in which she left all of her possessions to her husband Earl C. Housh.

On July 21, 1959, Wm. C. Dougherty, Jr., as guardian of Oda M. Housh after being directed to do so by the County Court, elected to take for his ward her share in the estate of Earl C. Housh under the laws of succession of Oklahoma rather than under the will of Earl C. Housh. On appeal to the District Court this order was reversed and the guardian was directed to elect for Oda M. Housh to take under her husband's will.

The guardian, Dougherty, appealed here from the judgment of the District Court. He has raised several grounds for reversal but one point stands out in this appeal and that is whether the District Court erred in directing the guardian to elect for his ward that she take under the will. In this we think the District Court was wrong and our reasons therefor will be hereafter discussed. It will be unnecessary to consider the other points raised.

It will be noted that Oda M. Housh died December 29, 1961, while still under guardianship.

■ It is settled that in Oklahoma the surviving spouse may elect to take under the will or as an heir at law of the deceased husband or wife as the case might be. 84 O.S.1961 §§ 44 and 213. York v. Trigg, 87 Okl. 214, 209 P. 417.

■ It is also settled that where the surviving spouse is incompetent the County Court has the power to make an election that such spouse shall take under the will or under the laws of succession of Oklahoma. 58 O.S.1961 § 1; 84 O.S.1961 §§ 44 and 213; Oklahoma Constitution, Art. 7, Section 13; Turner v. First National Bank and Trust Company of Muskogee et al., Okl., 262 P.2d 897, and Oden v. Russell, Okl., 371 P.2d 489.

■ We said in Turner v. First National Bank and Trust Company of Muskogee et al., supra:

"On appeal to the District Court that court had the authority to reverse, affirm, or modify the judgment of the County Court. 58 O.S.1951 §§ 734 and 735. The District Court after a full and complete hearing affirmed the action of the County Court and directed that the incompetent widow take under the will."

The facts in this record show that Earl and Oda Housh jointly accumulated their entire wealth. There was nothing inherited. It is true Oda willed everything to Earl in her will. It nowhere appears in the record that Oda knew that in case she survived Earl that under his will at her death all of his estate would pass to his heirs and none to hers.

The trustee has placed great reliance upon the case of Turner v. First National Bank and Trust Company of Muskogee et al., supra. There the District Court affirmed the County Court in holding that election by the guardian to take under the will was proper. That case, while having some similarities, differs in many details from the case at bar. There the estate was much larger and much was inherited by the deceased spouse from his mother. A large sum was set aside for the incompetent wife. An educational institution, in which both husband and wife had a great interest and to the support of which both had contributed, was a beneficiary under that will. It appeared clear to both the County and the District Courts that the surviving spouse, if she had been competent, would have wanted her husband's will carried out to the letter.

■ We have no such situation in the case at bar. There was no evidence to show that the surviving spouse did not think as much of her relatives as her husband did of his. In an estate of this size we cannot imagine a wife with the background of Oda Housh giving up the right of her kin to share in the joint accumulations of her and her husband and allowing it all to go to her husband's heirs.

There was no advantage to the widow in this case to take under the will. She would take the entire estate for herself during her lifetime under the laws of succession.

The statutes of Oklahoma on this question are manifestly fair. We set out those parts that are pertinent.

84 O.S.1961 § 44:

"Every estate in property may be disposed of by will; * * * but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; * * *."

84 O.S.1961 § 213 (second paragraph):

"* * * Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation." .

We think the incompetent widow would have and should have elected to take under

the laws of succession if she had been competent. See Oden v. Russell, Okl., 371 P.2d 489.

■ This is a matter of equitable cognizance and we have weighed the evidence and will enter that judgment that should have been entered by the District Court.

The trial court shall direct the former guardian, now administrator, to take under the laws of succession of Oklahoma and not under the will of Earl C. Housh.

The judgment of the District Court is reversed.