In the Matter of the ESTATE OF Carl KATSCHOR, Deceased.

Marie KATSCHOR, Appellant,

v.

Philip Kurt STUMPFF, A Minor, Erik John Stumpff, A Minor, Stacia Louise Stumpff, A Minor, and Stefanie Pauline Stumpff, A Minor, by Phillip W. Stumpff, Their Father and Next Friend, Appellees.

No. 58240.

Court of Appeals of Oklahoma, Division No. 3.

June 7, 1983.

Rehearing Denied July 12, 1983.

Released For Publication by Order of the Court of Appeals Aug. 12, 1983.

Kathleen Flannagan, Walters, for appellant.

T.M. Weaver, Duncan, for appellees.

WILSON, Presiding Judge:

The issue in this appeal is whether Marie Katschor made a timely election to take under the law the share of her deceased husbands estate provided for in 84 O.S.1981 §§ 44 and 213.

Marie and Carl Katschor were married March 10, 1971. Carl died November 26, 1972, survived by his wife Marie, his sister Louise Shepp, his niece Berta Lou Stumpff, two grandnephews and two grandnieces.

In a June 9, 1971 codicil to his will, Carl made the following provision for Marie:

I therefore give, devise, and bequeath to my beloved wife, Marie N. Katschor, in the event she survives me, my family automobile, my household furniture, appliances and all household furnishings in my home including household yard and gardening tools and one-half (½) of all of the property that I may own at the time of my death. . . .

I further give, devise and bequeath to my wife, Marie N. Katschor, in the event she survives me, the right, power, and authority to select and elect to take her one-half (½) interest in my net estate in kind, by filing her written election to take such tracts of land and oil, gas and mineral interests and tangible personal properties as she may elect, within sixty (60) days after my will and this codicil to my will has been admitted to probate. . . .

. . . .

In the event Marie did not select the properties, Carl vested the Executor and Trustee with the authority to do so. The other half of Carl's estate would be held in trust for the benefit of Mrs. Shepp and the Stumpffs.

A protracted probate proceeding ensued. The will and codicil were admitted to probate on April 17, 1979. In a document titled "Election of Marie N. Katschor, Surviving Widow", filed June 7, 1979, Marie listed the properties she wished to receive.

In December, 1981, the administrator of Carl's estate filed a final accounting and petitioned the court for a final distribution. Marie filed an objection to the final distribution February 10, 1982.

Marie asserted in her objection she had not yet been named an heir of Carl. Marie alleged she had the right to take her share of the estate by intestate succession if the court established her heirship. Marie did not make an election, alleging she had not had the opportunity to make "an intelligent decision" about what would be in her best interests since she did not have a current evaluation of the various assets. Marie re-

quested the court to order a new evaluation at the expense of the estate.

On the same day, February 10, the trial court received testimony on the administrator's petition and Marie's objection. During the hearing, Marie did not elect to take her share under the rules of intestate succession. The trial court entered a Decree of Final Account and Distribution at the close of the hearing.

Marie first filed a Petition in Error alleging the trial court abused its discretion by not allowing her election. Thereafter, she filed a pleading in the trial court styled "Election of Marie N. Katschor, Surviving Spouse of Carl Katschor, Deceased to Take Under the Provisions of the Statutes of the State of Oklahoma".

■ In a final decree of settlement and distribution, the court is required to enunciate the persons and the shares to which they are entitled. The decree is then a conclusive determination of the rights of the parties, subject to appellate review and action. 58 O.S.1981 § 632. The court's construction of the will is final unless fraud or collusion is demonstrated. *Oberlander v. Eddington,* 391 P.2d 889 (Okl.1964). No such allegations of fraud are raised in this case.

At the time of the hearing on the administrator's petition, Marie's election to enforce her rights under the will had been on file for over two and a half years. The pleading she filed on the day of the hearing did not expressly revoke Marie's prior assertion of rights under the will in favor of an election to take a statutory share. The thrust of the February 10 pleading was that the values of the property and the income each tract generated may have changed in the nine years since Carl died.

■ Oklahoma courts have been lenient in permitting a surviving spouse to revoke elections when it appeared the election was not the result of sound judgment grounded in a full knowledge of the facts. *Appeal of Sims' Estate,* 162 Okl. 35, 18 P.2d 1077 (1933). Further, the general rule that a spouse must affirmatively elect to take a statutory share against the will has been tempered when the spouse was prevented, through death or incompetency, from exercising the right of election. *Compare, Odle v. Baskins,* 190 Okl. 664, 126 P.2d 276 (1942) *with Stinson v. Sherman,* 405 P.2d 172 (Okl. 1965) *and Dougherty v. Federal National Bank and Trust Co. of Shawnee,* 377 P.2d 963 (Okl.1963).

■ However, there is no such disability manifest in this case. Marie's election to take her statutory share, filed after the decree and her own petition in error, was ineffective to pierce the final decree. Marie's acquiescence in the will, coupled with the untimeliness of her election, constituted a waiver to elect an intestate share of Carl's estate.

Under these circumstances, the trial court's decision is not against the clear weight of the evidence. *See, Long v. Darks,* 184 Okl. 449, 87 P.2d 972 (1939).

AFFIRMED.

HOWARD and HUNTER, JJ., concur.