In the Matter of the ESTATE OF Robert O. BOZELL, Deceased.

Howard Clyde MILES, Personal Representative of the Estate of Clara Bozell, Appellant,

v.

Upton Duane BLANKENSHIP and Orville Miles, Personal Representatives of the Estate of Robert O. Bozell, deceased, Helen Converse Nay, M.E. Converse, Herbert Converse, Betty June Converse, Lloyd G. Heape, Idabell Converse Jackson, Harry S. Converse, Elanor Converse Craven, and Georgia Converse McClure, heirs of Georgia Converse, Appellees.

No. 69496.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 17, 1989.

F. Douglas Shirley, Watonga, and J.L. Morehead, Tulsa, for appellant.

H.G. Tolbert, Watonga, and James C. Cox, Oklahoma City, for appellees.

## MEMORANDUM OPINION

PATRICIA D. MacGUIGAN, Judge:

Appellant seeks review of an order of the trial court denying Appellant's objection to the final accounting and petition for distribution in the probate of the estate of Robert O. Bozell. Specifically, Appellant as personal representative of the estate of Clara Bozell takes issue with the trial court's finding that Clara Bozell impliedly made an election to take under the will of Robert O. Bozell by her non-affirmative action to take otherwise. We hold the trial court erred as a matter of law in applying a presumption that a surviving spouse must affirmatively elect to take against a will.

Briefly, the dispositive facts are as follows. Robert O. Bozell (Robert) died testate in May, 1982, and was survived by his spouse, Clara Bozell (Clara), but no children had been born of this union. Robert's Will was admitted to probate in June, 1982, on a petition signed but not verified by Clara. Co-administrators with Will Annexed were subsequently appointed in June, and notice to creditors given. It is uncontroverted that Clara did not accept benefits under the will nor participate in the probate in any way with the exception of acquiescing to a request to add her signature to a check which transfered funds from her personal account to the estate account. Such funds were subsequently combined with other funds from Robert's estate and used to pay federal estate taxes.

Clara died in May, 1983. In 1985, the personal representatives of Robert's estate filed a final account and petition for distribution under the will, to which Clara's personal representative (Appellant) objected. Appellant subsequently filed in Robert's estate—on behalf of Clara's estate—an election to take under the laws of intestate succession. The trial court entered its order in August, 1987, finding Clara's right to elect to take under the will or to take an intestate or forced heir share did not pass to her heirs. Further, the court found Clara was presumed to have elected to take under the will by her non-affirmative actions to do otherwise.

Appellees and the trial court cite *Bank of Commerce & Trust Co. v. Trigg*, 280 P. 563, 138 Okl. 216 (1927), for the proposition that the right to elect is strictly personal and can only be exercised by the surviving spouse; at her death, the right to elect does not pass to a personal representative or heirs. While we agree, we note *Trigg* went on to hold that the court must determine whether the surviving spouse who dies without electing takes under the will or under the laws of intestate succession. In the instant case, Clara Bozell's right to elect died with her, leaving the trial court to make that election for her upon the filing of petition for distribution of the deceased's property.

In the instant case, the trial court in essence determined as a matter of law that in the absence of an election, a presumption existed to take under the will. Appellee agrees, citing *Estate of Katschor*, 667 P.2d

993 (Okl.App.1983). However, that case held that the general rule that a spouse must affirmatively elect to take a statutory share against the will has been tempered when the spouse was prevented through death or incompetency, from exercising the right of election. 667 P.2d at 995.

Appellee contends that *Stinson v. Sherman*, 405 P.2d 172 (Okl.1965), is dispositive. In that case, the Oklahoma Supreme Court held that under 84 O.S. 1961 § 44 [and the statute's 1981 counterpart], a spouse may not legally bequeath or devise away from the other so much of his or her estate that the survivor would receive less in value than he or she would through intestate succession. Therefore, the Court found that since the surviving spouse in that case died before electing, and the will devised less to the spouse than he would receive under intestate succession, the court had no alternative but to distribute to the estate of the surviving spouse his intestate or forced heir share. However, *Stinson* dealt with the death of the surviving spouse before the will had been offered for probate, and specifically did not address whether the conduct of the surviving spouse prior to his death manifested any desire to take under the will or by intestate succession.

In the instant case, Clara offered the will to probate but did not participate in the estate nor accept benefits. However, acquiescence in the decision to probate a will is no more than a surviving spouse is required to do by law; it is not indicative of an election to take under the will. *McSpadden v. McSpadden*, 331 P.2d 471 (Okl.1958). Further, while there is no general rule as to what acts constitute an election, there must be an intention to make an election, or some decisive act towards that end. 331 P.2d at 471. A review of the record in the instant case reveals no acts sufficient to constitute an election.

As noted in *Katschor*, 667 P.2d at 995, no presumption to take under the will arises where the spouse has been prevented through death or incompetency from exercising the right of election. In *Guard-*

*ianship of Scott*, 658 P.2d 1150 (Okl.1983), the Supreme Court adopted guidelines for the courts to be mindful of in making an election in the best interests of an incompetent spouse. These include: 1) insuring ample provision for the survivor's needs and comforts; 2) that these needs are not confined to pure monetary considerations; 3) that the enrichment of the spouse's estate for her heirs has little place in the consideration; 4) whether the surviving spouse has need for the property; and 5) where the first deceased spouse has made ample provision for the survivor, the first deceased spouse has the right to dispose of the property as he pleases.

This same issue was addressed by the Supreme Court in *Dougherty v. Federal National Bank & Trust Co. of Shawnee*, 377 P.2d 963 (Okl.1963) in a situation analagous to the instant case. *Dougherty* determined there was no evidence to show that the surviving spouse did not think as much of her relatives as her predeceased husband did of his; thus, because of the size of the estate, the court determined the surviving spouse would not have given up the right of her kin to share in the estate. The court held that the spouse would have elected to take by intestate succession if her disability had not prevented her from so doing. The court further distinguished those cases where the facts indicated that the surviving spouse would have wanted the terms of the first deceased spouse's will carried out to the letter.

This is a matter of equitable cognizance and this court may weigh the evidence and enter the judgment that should have been entered by the trial court. *Dougherty*, 377 P.2d at 965. However, the evidence adduced by the parties at hearing was based on the premise that a presumption existed which required affirmative acts by Clara to overcome. Thus, we find the record insufficient for purposes of determining whether Clara would have elected to take under the terms of the will or elected to take an intestate or forced heir share.

The order of the trial court is therefore reversed and this matter is remanded for

 

further proceedings in accord with the views expressed herein.

REVERSED AND REMANDED.

HUNTER, P.J., and HANSEN, J., concur.