[Civ. No. 4530. Second Appellate District, Division Two.—May 5, 1927.]

ESTELLE M. ROSS, Appellant, v. LAWRENCE W. ALLEN et al., Respondents.

[1] DEEDS—CONSIDERATION—EXECUTION IN PAYMENT OF ATTORNEYS' FEE—CANCELLATION—EQUITY.—In this action to cancel a deed executed by plaintiff to her counsel, in payment of legal services, upon the understanding that the property would be reconveyed within one year upon the payment of the agreed fee and interest, and also to cancel a deed executed by her grantee to a third person after the lapse of the year, conceding the transaction between plaintiff and her counsel took place under such circumstances as to give plaintiff the right to a cancellation of the deed executed by her, equity required that she repay the consideration for which the instrument was executed, i. e., the attorneys' fee and interest; and the subsequent grantee, although he took with constructive notice of the condition of the title, acquired a right to the repayment of such consideration.

---

(1) 9 C. J., p. 1271, n. 7.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. See 4 Cal. Jur. 764; 4 R. C. L. 511.

Chas. S. Darden and LeRoy D. Barnett for Appellant.

Henry W. Mahan and Allen, Allen & Eagan for Respondents.

CRAIG, J.—This is an appeal from a judgment of the superior court of Los Angeles County decreeing that a deed executed by appellant to the defendant Lawrence W. Allen, and a deed executed by said Allen to the defendant Kingsbury be canceled, provided that within ninety days from the date of the judgment being entered the plaintiff pay to the clerk of the above-entitled court $1,370, with interest thereon at the rate of seven per cent per annum from August 13, 1921, to the date of payment, but that if said sum be not so paid then said deeds to remain in full force and effect.

It appears that the defendants Lawrence W. Allen, W. S. Allen, and Herburt W. Swender, attorneys at law, performed legal services for the appellant in a certain case in the superior court, that the compensation agreed upon between the parties for such·services was $1,250, that as appellant was unable to pay this sum in money, she executed the deed above mentioned to a certain property which was then a part of the estate of Sadie B. Boyer, deceased, of which the appellant was the sole legatee. At the time of the execution and delivery of the deed from appellant to Lawrence W. Allen a written memorandum was made and signed by him in which he agreed to reconvey the property within one year upon payment by appellant of the $1,250 with interest at the rate of seven per cent per annum. A period of one year elapsed and appellant did not offer to pay the sum agreed or make any request for reconveyance. Later Lawrence W. Allen had the property advertised for sale and sold and executed a deed thereof to the defendant Kingsbury.

The above, among other facts, are found by the trial court. Certain allegations of the complaint charging fraud on the part of the defendants are expressly found to be untrue. In that behalf it was found that at all the times mentioned in the complaint appellant was sane, but that she did not know the nature or effect of the deed which she executed; that she did not understand that such deed,

together with an agreement for repurchase, would empower Lawrence W. Allen to sell the property so conveyed without his bringing a foreclosure proceeding. As we have said, the court expressly found that no fraud or undue influence was practiced upon the plaintiffs by any of the defendants, and in that behalf it is said in the findings that appellant stated to them that she would consult with her husband and that they believed she had done so before signing the deed. It is found that the reasonable market value of the property when conveyed to Kingsbury would be about $5,200 if title thereto were clear, but that it was then involved in certain litigation commenced by one Edward H. Boyer, in which he sought to establish a trust in his favor upon the whole of the property deeded, and also the court found that the title to the property was affected by the fact that it was still in process of administration in the estate of Sadie B. Boyer. With respect to the knowledge of Kingsbury as to the condition of the title of the property which he purchased, the court found that he did not interview the tenants of the plaintiff and appellant then in actual possession of the property; that he knew of the litigation above mentioned, and of the fact that it was involved in administration, but was not informed of the agreement upon the part of Lawrence W. Allen to reconvey to Estelle M. Ross, the appellant.

Among the conclusions of law the court decided that the purchase price paid by Kingsbury was so incommensurate with the intrinsic value of the property as to constitute constructive notice that there was some question as to the title and right of the plaintiff to have the deed executed by her to Lawrence W. Allen canceled, as well as that Kingsbury had constructive notice of the rights of appellant by having failed to make inquiry of her tenants in actual possession of the property before purchasing, and also because of having been informed that Lawrence W. Allen obtained the deed to the premises as payment of a legal fee. The amount required by the court to be paid to secure a cancellation of the deeds was established by the addition of interest at the rate of seven per cent per annum to the principal of $1,250, which is conceded was . due for legal services from the appellant to Lawrence W. Allen and his

firm, as attorneys. The findings of the court are amply sustained by the evidence, as it appears in the transcript.

The alleged ground of appeal is that the findings of fact and conclusions of law are inconsistent. If respondents were appealing, a serious question might be presented as to whether or not upon such findings of fact a decree would be warranted directing the cancellation of the deeds even upon the terms specified by the judgment of the court. But since no appeal has been taken by the defendants and respondents, we assume for the purposes of this opinion that in that regard the decree was equitably authorized. Since the findings are not challenged as being unsupported by the evidence, the only question is whether the conclusions of law follow from such findings and are consistent.

[1] Treating the transaction between appellant and Lawrence W. Allen, in the execution of the deed to the latter and the agreement to reconvey by him, as having taken place under such circumstances as to give the appellant the right to a cancellation of the deed executed by her, it is obvious that on the plainest principles of equity such a right would be subject to the requirement that she repay to him the consideration for which the instrument was executed, to wit, the $1,250, the agreed value of the services; and the least that can be said of Kingsbury's rights is that, although having constructive notice of the condition of the title to the property which he had purchased, he nevertheless acquired whatever title his grantor possessed, and stands in the shoes of the latter. Having paid, as the court found, $1,370 principal and interest on the obligation of the appellant to Allen, he is entitled to reimbursement before the deed from Allen to Kingsbury is annulled.

The judgment is affirmed.

Works, P. J., and Murphey, J., *pro tem.,* concurred.