[L. A. No. 13713.   In Bank.—March 1, 1933.]

J. M. KINGSBURY, Appellant, v. ESTELLE M. ROSS, Respondent.

W. S. Allen and Lawrence W. Allen for Appellant.

Charles S. Darden and Ernest B. Coil for Respondent.

PRESTON, J.—Action by plaintiff for the sum of $1224.26 in the hands of Frank Bryson, the public administrator of Los Angeles, who acted as administrator with the will annexed of the estate of Sadie B. Boyer. This sum represents rentals received by the administrator subsequent to August 13, 1921, and prior to commencement of this action, for the use and occupation of a certain tract of real property in Los Angeles County, same being the sole asset of said estate. The administrator paid the sum into court

and asked that respondent Estelle M. Ross be substituted as the true defendant in the action, she being the sole legatee and devisee of said decedent. This order was made. Said Estelle M. Ross thereupon by answer denied the claims of plaintiff and at the same time filed a cross-complaint and supplemental cross-complaint setting up the fact that a final decree of distribution in said estate of said property to her was made on July 28, 1927, and that by such decree and the doctrine of relation she and not plaintiff was entitled to said land and all the accrued rents, issues and profits thereof.

At this point a further exposition of the facts is necessary. The present action was commenced in November, 1927, and concluded on July 10, 1929. The record does not show the date of the death of Sadie B. Boyer, but it is conceded that she died prior to March 31, 1920, on which date respondent by a deed regular on its face conveyed the real property belonging to her as devisee of said estate to Lawrence W. Allen and he in turn, on August 13, 1921, conveyed it to this plaintiff, J. M. Kingsbury. Evidently Allen executed a defeasance agreement to respondent for in a former suit between these same parties (*Ross* v. *Allen*, 82 Cal. App. 758 [256 Pac. 248]), it appears that the conveyances above described were adjudged subject to cancellation upon the payment by Estelle M. Ross for the benefit of Allen of the sum of $1370. The judgment in said former suit, as shown by the record before us, in this behalf states: "It is ordered . . . that the deed executed by . . . Ross to . . . Allen, and the deed executed by . . . Allen to . . . Kingsbury, are hereby adjudged and decreed canceled provided that within ninety days . . . plaintiff pay into and deliver to the clerk . . . the sum of $1,370.00 together with interest . . . from August 13, 1921, to date of payment thereof . . . and that if said sum is not so paid by the plaintiff, then the said deeds to remain in full force and effect; . . ."

It appears that respondent paid nothing within the ninety days or at any other time for or on account of said judgment. Notwithstanding this situation, the court below made its findings and gave its judgment in favor of respondent Ross in this action. The mind of the court evidently was

that said decree of distribution naming respondent as legatee became final and thereby defeated any prior claim of plaintiff to said property or to the rents, issues and profits thereof. In this holding the court was in error.

The deed to Allen was one by a sole legatee subsequent to the death of the testator and the deed to plaintiff carried the title Allen has acquired. These conveyances, if valid, vested in plaintiff the right to rents, issues and profits of the property as against defendant on and after August 13, 1921. A decree of distribution does not determine the title between a legatee whose right has vested and his grantee. It is conclusive only as to the claims and rights of heirs, legatees and devisees upon whom the estate at the time of death devolves.

The case of *Chever* v. *Ching Hong Poy,* 82 Cal. 68, 71 [22 Pac. 1081], contains a statement of the rule as follows: "Section 1666 of the Code of Civil Procedure provides that a decree of distribution 'is conclusive as to the rights of heirs, legatees, or devisees; but it is conclusive against them only *as* heirs, legatees or devisees—only so far as they claim in such capacities. The probate court has jurisdiction to determine who are the legal heirs of a deceased person who died intestate, and who are the devisees or legatees of one who died testate; but its determination of such matters does not create any new title; it merely declares the title which accrued under the law of descent or under the provisions of the will. The decree of distribution has nothing to do with contracts or conveyances which may have been made by heirs, devisees, or legatees of or about their shares of the estate, either among themselves or with others; such matters are not before the probate court, and over them it has no jurisdiction. An heir may contract about or convey the title which the law had cast upon him on the death of his ancestor; and the validity or force of such contract is not affected by the fact that a probate court afterward, by its decree of distribution, declares his asserted heirship and title to be valid."

This holding has been adhered to without exception as shown by the following cases: *Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410]; *Parr* v. *Reyman,* 215 Cal. 616 [12 Pac. (2d) 440].

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this holding.

Seawell, J., Tyler, J., *pro tem.*, and Waste, C. J., concurred.

Curtis, J., Shenk, J., and Langdon, J., dissented.

Rehearing denied.

Shenk, J., Curtis, J., and Langdon, J., dissented.