ODLE v. BASKINS (two cases).

Nos. 30030, 30031. March 10, 1942.

Rehearing Denied May 26, 1942.

Application for Leave to File Second Petition for Rehearing Denied June 9, 1942.

*126 P. 2d 276.*

John M. Lawrence, Roscoe Bell, and H. A. Wilkinson, all of Oklahoma City, for plaintiff in error.

Creekmore Wallace, of Oklahoma City, for defendants in error.

GIBSON, J. These two actions were commenced in district court by George Baskins and Cleo Baskins, respectively, against Nellie Odle and others to recover undivided interests in certain land, and for accounting. The causes were consolidated for trial, and judgment rendered in each case for the plaintiff therein. Nellie Odle has appealed, and the cases have been consolidated for review.

In 1912 William Baskins died testate in Oklahoma county leaving surviving as his only heirs at law his widow, Sarah A. Baskins, and seven children and the children of a deceased child.

By his will he disinherited the children of the deceased child, devised to his widow a life estate, and to each of his living children an undivided 1/7th interest in the land in question, with the provision, however, that the land be sold by the executor and the proceeds divided among the children accordingly.

The living children aforesaid were the defendant Nellie Odle, the plaintiff George Baskins, and Ed Baskins, since deceased, and of whom the plaintiff Cleo Baskins is the only heir, Leslie Baskins, Lewis Baskins, Bertha Struble, and Anna Pettyjohn.

Some years later the will was duly admitted to probate, but, on January 23, 1930, prior to determination of heirs and final distribution, Sarah A. Baskins died intestate without having elected whether to take under the will or by succession. Said intestate left surviving the children and grandchildren aforesaid and another daughter, Ada Jorgensen, apparently by another marriage.

Prior to the death of Sarah A. Baskins the said Ed Baskins quitclaimed his 1/7th interest to his brother Leslie, who in 1928 quitclaimed a 1/7th interest to defendant Nellie Odle. And in 1924 George Baskins, the plaintiff aforesaid, quitclaimed his 1/7th interest to Nellie Odle, all of which, she says, gave to her an undivided 3/7ths interest.

On May 9, 1932, final decree determining the heirs of William Baskins and ordering distribution of his estate in compliance with his will was entered in county court. The decree approved executor's sale of the land to Nellie Odle pursuant to agreement of all the children as named in the will, except George Baskins and Ed Baskins were not parties thereto.

In the meantime, however, and subsequent to the death of Sarah A. Baskins, Ada Jorgensen above mentioned, and Arthur Hoover, one of the grandchildren named in the will as aforesaid, commenced an action in district court against all the heirs of Sarah A. Baskins, except George Baskins and Ed Baskins, with the apparent purpose of recovering their interest in the 1/3rd undivided interest allegedly left by Sarah A. Baskins. Only the journal entry of judgment in that case appears in the record. It was entered July 27, 1932, subsequent to the final decree in the William Baskins case.

In the district court action, above, which we refer to herein as the Jorgensen Case, each of the seven children aforesaid was decreed to be the owner of 50/378ths interest in the land, or 1/7th of 2/3rds plus 1/9th of 1/3rd, and Ada Jorgensen 14/378ths or 1/9th of 1/3rd interest or 1/27th, and each of the two grandchildren a 7/378ths or 1/54th interest.

Subsequent to that judgment, and on August 1, 1932, a final decree determining heirs and directing distribution was entered in the matter of the estate of Sarah A. Baskins. The estate purportedly distributed was the 1/3rd interest of the deceased in the lands here involved which she was alleged to have inherited from William Baskins, her husband. The heirs named in the decree and to whom the estate was distributed were the seven children of William Baskins and Sarah A. Baskins, and Ada Jorgensen, and the two grandchildren aforesaid. The interest of Anna Pettyjohn, who had died, was distributed to her estate. Each of the children of Sarah A. Baskins, including Ada Jorgensen, was decreed to be heir to a 1/9th interest in the 1/3rd interest in the land, and the two grandchildren to be heirs to 1/18th interest each in the said 1/3rd interest.

By the present actions, respectively, George Baskins seeks to recover from Nellie Odle the 1/7th of the 2/3rds interest inherited by him from his father, and the 1/9th of the 1/3rd interest inherited from his mother, or 50/378ths interest in the whole, together with certain rents and profits. Cleo Baskins, as the only heir of Ed Baskins who died in 1936, seeks to recover a like interest with rents and profits.

Plaintiffs take the position that the executor's sale to Nellie Odle was valid so far as 2/3rds interest in the land was concerned, but that by reason of the agreement among the heirs as aforesaid she held the separate interests of the heirs therein in trust for said heirs. No attack is made on the quitclaim deeds executed by George Baskins and Ed Baskins that would seem on their face to convey all the interest they then had in the land as devisees of William Baskins.

The assertion that Nellie Odle still holds the interests of George Baskins and Ed Baskins in trust for them and their heirs seems to be based upon the final decree of the county court rendered in the William Baskins case finding them to be entitled to a 1/7th distributive share each in said estate, and upon the judgment in the Jorgensen Case, supra, wherein George Baskins and Ed Baskins were each held to be the owner of 50/378ths interest in the entire tract. Apparently plaintiffs consider those decrees as res judicata of their respective claims to a 1/7th interest in the 2/3rds interest as devised to George Baskins and Ed Baskins by William Baskins. We are not presently considering the 1/3rd interest allegedly inherited by the widow, Sarah A. Baskins. That interest will be considered later herein.

In its formal findings of fact the trial court found that the final decree of heirship and distribution in the matter of the estate of William Baskins designated George Baskins and Ed Baskins as heirs and entitled to a 1/7th distributive share each in said estate; that a pretended sale of the land was made as directed by the will, and the title transferred to Nellie Odle in trust for all the devisees as directed by the order of the court; that she had conveyed to all the devisees their respective interests except George Baskins and Ed Baskins, or to Cleo Baskins as heir of the latter, and that Nellie Odle had excluded the plaintiffs from their interests in the land.

The trial court concluded as a matter of law that said final decree was conclusive and binding and a determination by the county court as to who were the heirs of William Baskins and what their respective interests were, that the same was not appealed from and was binding on the court, and conclusive as to the rights of plaintiffs and defendants. The judgment of the court was that each plaintiff was entitled to recover from Nellie Odle a 1/7th of the 2/3rds interest devised by the will.

In its findings of fact and conclusions of law the court made no reference to the district court judgment rendered in the Jorgensen case, above. Neither did the court mention the quitclaim deeds executed by George Baskins and Ed Baskins to Nellie Odle. So far as the interest affected by the will of William Baskins was concerned, the court based its judgment entirely on the alleged finality of the county court decree aforesaid awarding a 1/7th interest each to George Baskins and Ed Baskins.

With reference to the interest passing under the will, defendant Nellie Odle says that the quitclaim deeds aforesaid passed to her all the title of George Baskins and Ed Baskins, and that the final decree of the county court did not divest her of that interest.

Defendant's contention is correct. A devisee may convey the property prior to distribution by the county court (Parks v. Lefeber, 162 Okla. 265, 20 P. 2d 179); and on final distribution the court should assign to the grantee the interest so conveyed. Section 1366, O. S. 1931, title 58, O. S. 1941 § 644, 58 Okla. Stat. Ann. § 644. But the failure of the court to so assign the interest will not adversely affect the grantee's title. The county court has jurisdiction to conclusively determine the heirs of a decedent, but is without power to determine the legal effect of their conveyances of property of the estate. The decree of the county court on distribution does not create a title in the distributee. As said in Stevens v. Patten,

174 Okla. 582, 50 P. 2d 1106, 1111, "The county courts of Oklahoma have no jurisdiction to create or determine the title to real estate." We have heretofore stated with approval the California rule that the decree of the probate court distributing lands of a decedent is conclusive only as to rights of heirs, legatees, or devisees insofar as they claim in such capacity, merely determining succession to such title as the decedent may have had. Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690. The rule we apply here is stated in Kingsbury v. Ross, 217 Cal. 484, 19 P. 2d 784, as follows:

"Decree of distribution does not determine title between legatee whose right has vested and his grantee."

The trial court erred in holding that the decree of final distribution in the William Baskins estate was final and binding as an adjudication of the title therein assigned to George Baskins and Ed Baskins, and thus failing to give any force or effect to the deeds theretofore executed by them to Nellie Odle. The effect of the trial court's judgment was to hold that Nellie Odle was estopped by the decree of the county court to assert title under said deeds. This constituted error.

Referring now to the estate of Sarah A. Baskins, it appears that the county court determined her heirs and found that her estate consisted of a 1/3rd interest in the land in question which had come to the intestate by inheritance as the widow of William Baskins. The court distributed said interest to the heirs, including George Baskins and Ed Baskins, in the proportions of 1/9th interests, assigning to George Baskins and Ed Baskins a 1/9th interest each in said 1/3rd, or 1/27th interest in the entire tract. This decree became final for failure of appeal.

The trial court held that said decree was final and binding and vested in George Baskins and Ed Baskins a 1/27th interest each in the entire tract.

Evidently the latter decree purporting to distribute the 1/3rd interest allegedly inherited by Sarah A. Baskins was based on the district court judgment rendered in the Jorgensen case as aforesaid. In that case it appears that the court permitted Ada Jorgensen and her coplaintiff to recover interests in the land as heirs of Sarah A. Baskins. That judgment was actually entered subsequent to the final decree in the William Baskins case, but it is shown on the face thereof that the trial occurred almost a year prior to said final decree. There is the further fact that Sarah A. Baskins died before said final decree was entered. Had she lived, and desired to renounce her husband's will and take by succession instead, she would have been compelled to proceed to that end in county court as a party to the administration proceedings in the matter of her husband's estate. Prior to distribution she could not elect to take by succession by way of an action in district court to recover her interest. That court would have been without jurisdiction of the action.

While administration proceedings are still pending in the matter of the estate of a spouse who died testate, the surviving spouse, if the will is to be avoided, must elect to take by succession, or be bound by the final decree of distribution under the will; and the county court is vested with exclusive jurisdiction to determine the extent of the interest to be assigned to the survivor under the laws of descent and distribution in event of an election. The surviving spouse is not compelled by law to renounce the will merely because she would receive less property as devisee than she would inherit otherwise. The provisions of section 1539, O. S. 1931, 84 Okla. Stat. Ann. §44, limiting the amount of the estate which one spouse may will away from the other, are not mandatory. The survivor may claim the advantages thereof, and may become a forced heir to that extent, but such rights may be waived. In the case of Appeal of Baker's Estate, 170 Okla. 595, 41 P. 2d 640, 643, the court said:

"Under a system like ours, we know of no theory or rule of law under which

a widow would be compelled to take under the law of descent and distribution if she preferred to take under the will of her husband. She undoubtedly has the right to elect under which she will take, and having elected, there is no ground on which anyone else may complain."

See, also, Hulen v. Truitt, 188 Okla. 296, 108 P. 2d 170.

Here, some of the heirs of the surviving spouse, Sarah A. Baskins, proceeded to district court in the Jorgensen case, where they attempted to make an election for themselves as such heirs and to recover for themselves the interest that Sarah A. Baskins would have inherited had she elected to take by succession. That action was commenced and trial had before final distribution of the estate of William Baskins, the testator. Assuming, though not deciding, that heirs may elect, the district court was wholly without jurisdiction of the action, and its judgment was void. No doubt this explains the trial court's failure to mention that judgment in its findings of fact and conclusions of law.

The decree of heirship and distribution in the Sarah A. Baskins case, though final as a determination of who her heirs were, was without force or effect as a judgment vesting title in those heirs to any interest in the land in question. The heirs succeeded to any estate she had, not by the decree, but by reason of her death, and the decree merely fixed the shares the heirs inherited. The estate of William Baskins had been fully settled and finally distributed according to his will, and closed without an election on the part of Sarah A. Baskins or those in privity with her to renounce the will and take by succession. The final distribution of said estate was conclusive on all parties concerned so far as an election to take by succession was concerned. The will passed to the devisees all the land, and said land was properly distributed pursuant thereto.

By reason of the will of William Baskins each of his own seven living children aforesaid became vested with an undivided 1/7th interest in the remainder in the land subject to the life estate devised to Sarah A. Baskins. Pursuant to the will the land was sold by the executor under order of court, and by the purchaser divided in kind, in lieu of proceeds, among the devisees pursuant to agreement between those entitled to share therein. It is admitted that these transactions were legal and proper in every respect, except it is contended that Nellie Odle received and retains the interests of George Baskins and Ed Baskins contrary to the agreement aforesaid and the final decree in the case. But this contention is without support in law. Those parties had conveyed all their interests to Nellie Odle by good and valid deeds, and she was therefore entitled to receive and retain such interests, which along with the interest received by her as devisee amounted to 3/7ths undivided interest in the whole. George Baskins and Ed Baskins were not parties to the agreement in question, and Nellie Odle at no time agreed to hold their interests in trust for them. Their deeds to her are in no way attacked in this case. Their interests were at all times subject to conveyance. Whitmore v. Smith, 94 Okla. 90, 221 P. 775. The rule is there stated as follows:

"Where a will provides that certain property of the testator shall be rented by the executors during the life of the wife of the testator, and the revenues derived therefrom be equally divided among the children and wife named as legatees, and that after the death of the said wife said property be sold for cash and divided equally among the children, *held,* that the legal title to the property became vested in the children named as legatees in the will, subject to the interest for life of the widow, at the death of the testator, and is such an interest as may be conveyed or devised by the legatees prior to the death of the widow."

The judgment of the trial court in each of these cases is reversed and the respective causes remanded, with directions to enter judgment in favor of Nellie Odle quieting her title in and

to 3/7ths interest in the land against all claims of plaintiffs.

WELCH, C. J., CORN, V. C. J., and RILEY and BAYLESS, JJ., concur. OSBORN and DAVISON, JJ., absent. HURST, J., concurs in conclusion. ARNOLD, J., disqualified and not participating.