J. Ray STINSON and Carl F. Stinson, Administrators of the Estate of L. E. Stinson, Deceased, Plaintiffs in Error,

v.

Eugenia SHERMAN, Individually, and Eugenia Sherman, Executrix of the Estate of Icle Victoria Stinson, Deceased, Defendant in Error.

No. 39974.

Supreme Court of Oklahoma.

Jan. 26, 1965.

As Corrected June 8, 1965.

Rehearing Denied June 8, 1965.

Yonne P. McDaniel, Mangum, for plaintiffs in error.

Duke Duvall, Ben T. Head and Kenneth N. McKinney, Oklahoma City, for defendant in error.

PER CURIAM:

The facts in this case disclose that Icle Victoria Stinson died on January 2, 1952, leaving as her sole heirs her husband, L. E. Stinson, and her daughter, Eugenia Sherman. Her Oklahoma estate consisted of real and personal property of the appraised value of $22,897.95, and a community property estate of approximately $57,000.00. Her community property estate having been accumulated under the Community Property Act of 1945 (Title 32, Secs. 1 through 18, S.L.1945, p. 118—Repealed by Title 32, S.L. 1949, p. 229), was recognized by this court in Page v. Sherman, Okl., 341 P.2d 270.

By the terms of her will Icle Victoria Stinson gave her entire estate to her daughter, Eugenia Sherman, stating in her will that her husband was well fixed financially and that her disposition of her estate had his full knowledge and approval. It is not contended that this statement in the will has any legal significance.

The record further discloses that L. E. Stinson, surviving husband of Icle Stinson, died on February 7, 1952 (approximately 35 days following the death of his wife). His deceased wife's will had not been offered for probate at the time of his death and he had made no election as to how he would take.

The County Court concluded that L. E. Stinson was a forced heir and that one-half of Icle Victoria Stinson's estate (which included her real, personal, and community property estate) should be distributed to the estate of L. E. Stinson, deceased, under the law of Descent and Distribution, 84 O.S. 1961, § 213, and that the other one-half of her estate should be distributed to her daughter, Eugenia Sherman. On appeal the District Court determined that L. E. Stinson had not elected whether to take by succession or under the will of Icle Victoria Stinson and that he was a forced heir to all the non-community assets of her estate, but was not a forced heir to the community property assets of her estate. It is from this judgment that J. Ray Stinson and Carl F. Stinson, Administrators of the Estate of L. E. Stinson, deceased, have appealed.

While the non-community assets of Mrs. Stinson are not involved in this appeal

the Stinsons (appellants) take the position that a spouse may not legally bequeath or devise away from the other so much of his or her estate that the survivor would receive less in value than the survivor would receive through succession by law, citing 84 O.S.1961, § 44; and that this statutory rule applies to "community property assets." The effect of their argument is that since L. E. Stinson did not elect to take under the will Sec. 44, supra, is controlling, and the trial courts had no alternative but to follow the law of succession. We agree.

84 O.S.1961, § 44, supra, provides in pertinent part as follows:

"Every estate in property may be disposed of by will; * * * but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, however, that of the property not acquired by joint industry during coverture the testator be not required to devise or bequeath more than one-half thereof in value to the surviving spouse; * * *."

Unlike some of our former decisions the surviving spouse, L. E. Stinson, died before the will of his deceased wife had been offered for probate, and it is not contended that his conduct after his wife's death manifested any desire to take under the will or any desire to take under the law of succession. Unlike so many other states we find no statutory law in Oklahoma pertaining to any "right or requirement of election" on the part of the surviving spouse. Under the facts in the present case no election of any kind had been made by the surviving spouse, and the question of waiver to take under the will or the statute is not presented or herein involved.

█ Under the facts in this case we are of the view that we must look to the provisions of 84 O.S.1961, § 44, to find the answer to our present problem. Therein it is provided that "no spouse shall bequeath or devise away from the other so much of the

estate of the testator that the other spouse would receive less in value that would be obtained through succession by law." By her will Mrs. Stinson attempted to do something the statute says she shall not do. The statute imposes a limitation upon her power to dispose of her property by will, and it seems to us that she has transgressed the limits of her statutory will making power by attempting to give her surviving spouse less than he would receive under succession. Since she "shall" not do this under the statute we must conclude that she has not done so, and therefore under the law her surviving husband (now deceased) must receive from her estate not less than he would receive through succession by law.

The next question is whether L. E. Stinson, deceased, was a forced heir to the "community property assets" of Icle Victoria Stinson, deceased.

The appellee herein, Eugenia Sherman, submits the proposition that the "forced heir" statute and the Community Property law both strive toward the same goal, and that if both are applied in this case the purpose of each would be defeated. In support of this statement our attention is invited to Principles of Community Property by de Funiak and to Community Property Laws in California, Idaho, Nevada, New Mexico, Texas and Washington.

Our Community Property Act, H.B.No. 218, Title 32 S.L.1945, Sec. 3, p. 118, provided in part:

"Sec. 3. All property acquired by either the husband or wife during marriage and after the effective date of this Act, except that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, *and each shall be vested with an undivided one-half interest therein;* * * *." (Emphasis supplied)

In Sec. 15 thereof it is provided in part:

"Sec. 15. Upon the death of the husband or the wife, the surviving spouse shall administer all community property in the same manner and with the

same duties, privileges and authority as are vested in a surviving partner to administer and settle the affairs of a partnership upon the death of the other partner * * *; and provided further, that when all debts of the community shall have been fully satisfied the survivor shall transfer and convey to the administrator or executor of the deceased one-half of the community property remaining *to be administered and distributed as other property of the estate either subject to the terms of the will of the deceased or under the laws of descent and distribution as the case may be *. * *.*" (Emphasis ours)

■ We are of the view that the community property law in Oklahoma was not a law of inheritance but a law of property, and that the district court erred in holding that L. E. Stinson was not a forced heir to the community property assets of Icle Victoria Stinson, deceased. Under Sec. 15, supra, the executor of the estate of Mrs. Stinson is directed by statute to distribute Mrs. Stinson's share of the community property as other property of her estate.

■ The appellants herein, the administrators of the Estate of L. E. Stinson, deceased, make the contention that their opponent's appeal (to the district court) should have been dismissed by the district court because the same was not taken by a party aggrieved by the county court's order; that it was an appeal by the executrix rather than the devisee under the will, and that their motion to dismiss filed in district court was erroneously overruled. The motion to dismiss was based largely upon questions of fact to be determined from the record. We have carefully examined the record and appellate procedure as presented to the district court and are unable to conclude that the district court erred in refusing to dismiss the appeal.

In appellants' proposition three (3) it is stated:

"The court erred in deducting all of the funeral expenses and expenses of last illness from the Oklahoma estate and in not pro-rating said expenses between the Oklahoma and Texas estates; and in allowing the executrix (of Mrs. Stinson's estate) $794.00 travel expenses in addition to her regular fees."

■ Appellants have failed to argue the alleged errors set forth in their proposition three (3) and under the rule of this court assignments of error on appeal will be treated as waived by this court where plaintiffs in error fail to argue or cite authorities supporting same in their briefs. Harrington v. City of Tulsa, 170 Okl. 20, 39 P. 2d 120, and Railway Express Agency v. Stephens, 183 Okl. 615, 83 P.2d 858.

The judgment of the district court in holding that L. E. Stinson, deceased, was not a forced heir to the "community property" portion of Icle Victoria Stinson's estate is reversed with instructions to direct the county court to distribute one-half of Icle Victoria Stinson's "community property estate" to Eugenia Sherman and one-half to the estate of L. E. Stinson, deceased. The judgment of the district court is otherwise affirmed.

■ Appellants herein have filed with the Clerk of this court a verified statement showing that they have spent $238.00 for case-made and $25.00 for filing their appeal in this court and pray judgment for these costs. When a judgment or final order is reversed in part and affirmed in part costs shall be equally divided between the parties. It is so ordered. 12 O.S.1961, § 978; Owens v. Clark, 177 Okl. 519, 61 P.2d 201, 204; and rule 32 of this court, 12 O.S.A. c. 15 Appendix.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

HALLEY, C. J., concurs in part and dissents in part.

JACKSON, Vice Chief Justice (concurring specially).

By the plain terms of 84 O.S.1961, § 44, the Legislature has placed a limitation upon the power of one spouse by will to disinherit a surviving spouse, or give the survivor (by will) less than the survivor would receive through succession by law. The statutes of this state are wholly silent as to any "right or requirement of election", and for this reason it may not be inferred from Sec. 44, supra, that a surviving spouse must elect to take under the law of succession in order to avoid the provisions of a will which are in conflict with that section. On the contrary in view of Sec. 44, if a survivor is to avoid the law of descent and distribution such survivor must affirmatively elect to take under the will.

In In re Baker's Estate, 170 Okl. 595, 41 P.2d 640, we said:

"Under a system like ours, we know of no theory or rule of law under which a widow would be compelled to take under the law of descent and distribution if she preferred to take under the will of her husband. She undoubtedly has the right to elect under which she will take and, having elected, there is no ground on which anyone else may complain."

In view of 84 O.S.1961, § 44, it is immediately apparent that a surviving spouse is a forced heir to the extent that the surviving spouse shall not be required to receive less in value than would be obtained through succession by law. It is also apparent from our holding in the Baker Estate that the surviving spouse has a right to take under the will notwithstanding the fact that in so doing such survivor may receive less than he or she would receive through succession by law.

Since L. E. Stinson did not elect to take under the law of descent and distribution, Eugenia Sherman contends that L. E. Stinson's estate will take under the will.

In the body of the opinion in Bank of Commerce & Trust Co. v. Trigg, 138 Okl. 216, 280 P. 563, we said:

"Since the widow died without electing to take under the will, did she take under the will or under the statute? There are numerous decisions holding that where an election is necessary, and where the legatee dies without having made an election, the heirs of the deceased are presumed to take under the will, and not under the statute. All of these cases, however, in so far as we have been able to ascertain, are based on statutes.

\* \* \* \* \* \*

"\* \* \* In all the states where these statutes prevail, it is uniformly held that, if the wife does not made an election, she is deemed to take under the will. The statutes so provide. These decisions, therefore, are not in point in this state, because we have no such statute.

"It is clear, from the terms of the will of Jerome B. York, that he did not intend the trust fund set aside for his wife as a bounty, in addition to her right to take under the statute. *It was therefore necessary, if she desired to take under the will, to affirmatively elect to do so.* Since the will was invalid as to her unless she affirmatively elected to take under it, and since she did not do this, it follows that one-third of the estate of Jerome B. York was inherited by her as a forced heir, and on her death the same passed to her heirs or legatees." (emphasis supplied)

Eugenia Sherman, appellee, in her answer brief states that this court in the Trigg case, supra, "took the position that the Will leaving to a surviving spouse less than she is entitled to Under Title 84 O.S.A. § 44, is automatically *void*." That, "later Oklahoma decisions have corrected what they consider error in this early decision insofar as this point is concerned." Our attention is then invited to "the leading case" of Por-

ter v. Hansen (1942), 190 Okl. 429, 124 P.2d 391, wherein we said:

" * * * If, as we hold, the will is only *voidable* at the election of the widow when the inheritance is governed by the proviso in the second subdivision (of 84 O.S.1961, § 213), it would likewise be *voidable* only at the election of the widow when the inheritance is governed by the fifth subdivision (of 84 O.S.1961, § 213).

"While there are expressions in some of our decisions that a will made in contravention of the proviso in the second subdivision is '*void*' and '*invalid*' as to the widow (see Bank of Commerce & Trust Co. v. Trigg, 138 Okl. 216, 280 P. 563; Ward v. Cook, 152 Okl. 234, 3 P.2d 728), yet the words are there used loosely as is so frequently the case (67 C.J. 265) when the word '*voidable*' was intended. *The true rule is that a will which gives to a forced heir less than the cited statutes give him or her is voidable as to such forced heir at his or her election.* The will is *rendered valid* when the heir elects to take under the will, but is rendered inoperative as to such heir by his or her election to take under the law." (emphasis supplied)

Our attention is also invited to the second paragraph of the syllabus in Odle v. Baskins, 190 Okl. 664, 126 P.2d 276, wherein we hold in part:

"If the surviving spouse *is to avoid the will* of the deceased spouse *and elect to take by succession*, such election must be made in county court prior to final distribution and settlement of the estate * * *." (emphasis supplied) ;

and to the body of the opinion wherein we said:

"While administration proceedings are still pending in the matter of the estate of a spouse who died testate, the surviving spouse, *if the will is to be avoided, must elect to take by succession*, or be bound by the final decree of distribution under the will." (emphasis ours).

In Porter and Odle, supra, we neglected to let the language and meaning of Sec. 44, supra, direct us, but concentrated our attention upon the meaning of words previously selected by this court. In the Porter case we noticed that in some of our former decisions we had said that a will made in contravention of 84 O.S.1961, § 44, is "void" and "invalid" when the word "voidable" was intended. If the word "voidable" is used it follows that a will written in contravention to Sec. 44, supra, is not void or invalid but only "void" at the option of the surviving spouse, and the burden of making an election to take under the law of succession is cast upon the surviving spouse. In other words if the word "voidable" is used the will is not void or illegal unless and until the surviving spouse makes an affirmative election to take through succession by law. The result which flows from this reasoning is demonstrated in Odle v. Baskins, supra, wherein we said:

" * * * the surviving spouse, if the will is to be avoided, must elect to take by succession * * *."

Under Sec. 44, supra, it is provided that "no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law." But where a spouse violates this limitation imposed upon him or her, and the surviving spouse remains silent, did the Legislature intend that the surviving spouse would take under such will? I do not believe so. When our decision in In re Baker's Estate, supra, is read in connection with Sec. 44, supra, I believe it is correct to say that a will written in violation of Sec. 44 is simply "ineffective" as to the surviving spouse until the surviving spouse elects to take under the will. In this connection, however, it will be remembered that 58 O.S.1961, § 632, provides that a final decree "is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

As to finality of final decrees in probate see Oberlander v. Eddington, Okl., 391 P.2d 889.

The principle of "offer" and "acceptance" in contract law, by analogy, seems to express the view which I am attempting to convey. A will which gives a surviving spouse less than the survivor would receive through succession by law is in the nature of an "offer" or invitation by deceased to the surviving spouse to take less than the survivor would take through succession by law. Such an "offer" or invitation, as in contract law, is not binding upon the surviving spouse and is ineffective unless the surviving spouse accepts such offer by electing to take under the will. In continuing the analogy it would be the duty of the probate court at the time of distribution and final decree, if the inventory and appraisement indicates that Sec. 44, supra, has been violated, to determine whether the surviving spouse had accepted the offer by electing to take under the will. Proof of an election to take under the will might appear from a written election, verbal expressions in court, or by conduct. Absent evidence of an election to take under the will it would be the legal duty of the trial court to give effect to Sec. 44, supra, and make provisions for the survivor under the laws of descent and distribution. Again, however, where there is no appeal from a final decree we must look to the validity of the final decree, as distinguished from the provisions of the will. 58 O.S.1961, § 623; Oberlander v. Eddington, supra. In Porter v. Hansen and in Odle v. Baskins, supra, attacks were being made upon final decrees.

I believe we should approve our holding in Bank of Commerce & Trust Co. v. Trigg, supra, and reject our statements in Porter and Odle, supra, that an election to take by succession must be made if the will is to be avoided.

I am authorized to state that Mr. Justice BLACKBIRD and Mr. Justice IRWIN concur in the views herein expressed.