Johnny P. **LEDBETTER**, Appellant,

v.

Buddy **TAYLOR**, Appellee.

No. 8302.

United States Court of Appeals
Tenth Circuit.

March 30, 1966.

Lon Kile, Hugo, Okl. (A. L. Rhodes, Abilene, Tex., and Phil McColgin, Hugo, Okl., on the brief), for appellant.

Wayne Lewis, Ada, Okl. (Joe Stamper, Antlers, Okl., and Lambert, Roberts & Lewis, Ada, Okl., of counsel, on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSEN, District Judge.

DAVID T. LEWIS, Circuit Judge.

■  This appeal is taken from an order of the District Court for the Eastern District of Oklahoma dismissing appellant's complaint for lack of jurisdiction. Alleging diversity jurisdiction, appellant Ledbetter had sought a declaratory judgment canceling and declaring void his "assignment"[1] to appellee Taylor of a one-half interest in certain real property then in the process of probate in the County Court of Pushmataha County, Oklahoma, and claimed by Ledbetter in expectancy as the sole heir of his mother's estate. The subject instrument was executed and delivered after the death of Mrs. Ledbetter. Since federal diversity jurisdiction is here entirely derivative in nature the determinative issue may be simply stated: Do the county probate courts of Oklahoma have exclusive jurisdiction to determine, as an incident of probate, the validity of instruments of conveyance made by an heir to a third person? If, under Oklahoma law, such jurisdiction does lie exclusively in the state county court and is thus denied to the courts of general jurisdiction in Oklahoma (district courts), federal diversity jurisdiction is lacking and the judgment below is correct. Erwin v. Barrow, 10 Cir., 217 F.2d 522.

Article 7, section 12 of the Constitution of Oklahoma grants to the county court original jurisdiction in all probate matters and limited jurisdiction in civil cases (not over $1,000.00) with a proviso that no jurisdiction shall exist in such actions as divorce, malfeasance in office, slander or "actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question * * *." Section 13 grants to the county court "the general jurisdiction of a Probate Court" and states the court may "transact all business appertaining to the estates of deceased persons * * * including the sale, settlement, partition, and distribution of the estates thereof." The constitutional provisions have been implemented by a statutory provision, 58 O.S.A. § 644, as follows:

"Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees."

Oklahoma[2] case law interpreting the cited constitutional and statutory provisions does not appear to dictate a decisive answer to the issue. In Bryan v. Seiffert, 185 Okl. 496, 94 P.2d 526, the Oklahoma Supreme Court considered the question of whether the probate courts had jurisdiction to determine the validity of an heir's assignment of his expectancy interest and held that pursuant to 58 O.S.A. § 644 such was an issue to be decided by that court. The case has unusual emphasis because the jurisdictional question was raised by the appellate court sua sponte. However, in Odle v. Baskins, 190 Okl. 664, 126 P.2d 276, 278, the Oklahoma high court stated:

"A devisee may convey the property prior to distribution by the county court. Parks v. Lefeber, 162 Okl. 265, 20 P.2d 179, 86 A.L.R. 392. And on

1. The nature and effect of this instrument is in controversy between the parties.

2. Appellant cites several cases from state courts other than Oklahoma which interpret statutes identical or similar to that of Oklahoma and in accord with appellant's contentions. Since we are bound by Oklahoma law we attach little significance to these cases.

final distribution the court should assign to the grantee the interest so conveyed. Sec. 1366, O.S. 1931, Title 58, O.S. 1941, § 644, 58 Okl.St.Ann. § 644. But the failure of the court to so assign the interest will not adversely affect the grantee's title. The county court has jurisdiction to conclusively determine the heirs of a decedent, but is without power to determine the legal effect of their conveyances of property of the estate. The decree of the county court on distribution does not create a title in the distributee. As said in Stevens v. Patten, 174 Okl. 582, 50 P.2d 1106, 1111: 'The county courts of Oklahoma have no jurisdiction to create or determine the title to real estate.' We have heretofore stated with approval the California rule that the decree of the probate court distributing lands of a decedent is conclusive only as to rights of heirs, legatees or devisees in so far as they claim in such capacity, merely determining succession to such title as the decedent may have had. Byers v. Brinlee, 157 Okl. 72, 10 P.2d 690. The rule we apply here is stated in Kingsbury v. Ross, 217 Cal. 484, 19 P.2d 784, as follows: 'Decree of distribution does not determine title between legatee whose right has vested and his grantee.' "

The force of *Odle* upon the instant case is weakened by uncertainty as to whether the court's statement that the county court is without power to determine the legal effect of an heir's conveyance is more than dicta. The case does not consider the ruling in Bryan v. Seiffert, supra. In a still later case, In re Griffin's Estate, 199 Okl. 676, 189 P.2d 933, much of the reasoning of *Odle* is set aside by the Oklahoma Supreme Court and by its specific overruling of Byers v. Brinlee, 157 Okl. 72, 10 P.2d 690. And further, the court held that the constitutional restrictions upon the jurisdiction of county courts in title disputes pertained only to disputes between heirs and third persons claiming adversely to the estate.

The most recent pronouncements of the Oklahoma high court have indicated approval of the modern trend of state courts to extend the jurisdiction of probate courts to recognize such power as is necessary to effectuate those powers expressly conferred by statute. See In re Fullerton's Estate, Okl., 375 P.2d 933. The power to distribute the assets of an estate to an assignee is expressly granted to the county court under 58 O.S.A. § 644.

 Although we find no clear answer in the Oklahoma case law we think the judgment below finds support in expressed local law and policy. In such case we accept the trial judge's interpretation upon a matter of purely local law. Coe v. Helmerich & Payne, Inc., 10 Cir., 348 F.2d 1, and cases cited.

Affirmed.