In the Matter of the ESTATE OF Harold D. SMART, Deceased, Gerald W. Smart, individually, and as the Executor of the estate of Harold D. Smart, Deceased, and Mrs. Dana Lupfer, Appellants,

v.

Gwendolyn S. SMART, Appellee.

No. 59735.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 23, 1983.

Rehearing Denied Oct. 20, 1983.

Certiorari Denied Feb. 7, 1984.

Released for Publication by Order of Court of Appeals Feb. 17, 1984.

John R. Green, Michael P. Sullivan, Leach, Sullivan, Green & Buxton, Duncan, for appellants.

Jonathan W. Burch, Burch & Burch, Victor C. Wood, Jr., Oklahoma City, for appellee.

BACON, Presiding Judge.

This appeal involves an ancillary probate proceeding in Jefferson County, Oklahoma, for a deceased California resident. The trial court ruled that decedent's common law wife could elect to take her forced heir share of decedent's Oklahoma property. Decedent's children appeal from that ruling.

The pertinent facts necessary to resolve this case are undisputed. The record shows that in 1950, decedent, Harold Smart, was married to Marie. On October 21, 1950, decedent, a resident of California, and appellee, Gwendolyn Smart, participated in a ceremonial marriage service in Yuma, Arizona. At that time decedent was still married to Marie. Decedent and Marie

were divorced in California on September 29, 1952.

Decedent and appellee lived together in California from the time of their "ceremonial marriage" in Yuma, Arizona, until decedent died on March 12, 1981.

Decedent died testate and a resident of California. His will and two codicils were admitted to probate in California. The executor, decedent's son, filed the will and codicils for ancillary probate in Jefferson County, Oklahoma, where decedent owned real and personal property.

Under the terms of decedent's will and codicils appellee was not to inherit any interest in the Oklahoma property. She therefore filed her election to take against the will pursuant to 84 O.S.1981 § 44. The trial court found appellee was entitled to so elect and appellants now appeal.

Appellants argue that the trial court erred in finding appellee was the wife and surviving spouse of decedent and was therefore entitled to take against the will. We agree with the trial court and affirm.

■ The basis for appellants' argument is that decedent and appellee were, at all times they lived together, residents and domiciliaries of the State of California and that California does not recognize common law marriages. The simple answer to this assertion is that California does not recognize common law marriage created *within its own boundaries.* However, California does recognize marriages validly created elsewhere, including common law marriages of California domiciliaries. *Tatum v. Tatum,* 241 F.2d 401 (9th Cir.1957) (citing *Estate of McKanna,* 106 Cal.App.2d 126, 234 P.2d 673 (1951)).

Therefore, if decedent and appellee entered into a common law marriage after decedent's divorce from Marie in 1952, appellee would be considered decedent's wife and surviving spouse.

■ The next logical step is to determine whether decedent and appellee created a common law marriage *outside* the boundaries of the State of California. We find

they did establish a common law marriage while in Oklahoma.

The record in the present case contains an abundance of evidence that decedent and appellee considered themselves married to each other. For example, in his will decedent refers to appellee as his wife. They lived together as man and wife for 20 years and during that time held themselves out as such.

In *Gilmore, Gardner & Kirk Oil Co. v. Harvel,* 208 Okl. 664, 258 P.2d 632 (1953), the supreme court said in its syllabus:

"A common-law marriage may exist in this state, and when parties capable of entering into the marriage relation agree to be and become husband and wife, and in pursuance of such agreement enter into and thereafter maintain the marriage relation, a common-law marriage exists."

It is not required that the parties to a common law marriage created in Oklahoma be residents or domiciliaries of Oklahoma, nor do they have to cohabit or maintain the common law marriage relationship for any magical length of time to make it valid.

In the present case decedent and appellee, for a period of 16 years, traveled to Oklahoma two to three times a year. They would stay two to five weeks at a time in Jefferson County, Oklahoma, where decedent's real property was located, holding themselves out as man and wife, not only to their family, but to the whole world. Under these circumstances we conclude that the trial court correctly held appellee was the wife and surviving spouse of decedent and was therefore entitled to elect to take against the will and codicils.

Affirmed.

BOYDSTON and MEANS, JJ., concur.