In the Matter of the ESTATE OF Laurence D. MILLER, Jr., Laurence D. Miller, III, Executor of the Estate of Laurence D. Miller, Jr., Appellant,

v.

Anne B. MILLER, Appellee.

No. 68831.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 20, 1988.

Eugene Kuntz, John N. Schaefer, Joseph Walters, Oklahoma City, for appellant.

Cynda C. Ottaway, Wesley C. Fredenburg, Teresa S. Collett, Oklahoma City, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

Preliminarily, we must address several motions which have been filed by the parties.

## I. APPELLANT'S MOTION TO FILE SUPPLEMENTARY AUTHORITY AND APPELLANT'S MOTION TO FILE ADDITION TO BRIEF OF SUPPLEMENTARY AUTHORITY

In the motion to file supplementary authority, Appellant requests consideration of the case of *Allen v. Allen*, 738 P.2d 142 (Okl.1987), which was decided after the briefing in this case. Appellant subsequently filed a motion to file an addition to the brief of supplementary authority, to request alternative relief, in the event that the order of the trial court allowing partial distribution is not reversed. In the later motion, Appellant alternatively requested the court to order a remand of the Application for Partial Distribution for consideration of estoppel as a bar to distribution under *Allen v. Allen*.

■ Both motions are denied. We find *Allen v. Allen* to be inapplicable to this appeal, because the wife herein did not marry again or enter into a common law marriage which would estop her from claiming she was married to Decedent at the time of his death. The holding in *Allen* is that the wife was estopped to claim she was still married to her first husband because of an unappealed divorce decree (from her subsequent common law husband) reciting that a common law marriage had existed. Estoppel arose because of uncontradicted inconsistent statements as to the wife's legal status. There is no such issue of estoppel here. We do not find the mere filing of a divorce petition, in the instant case, sufficient to create a bar to her claiming she was married to Decedent at the time of his death. *Allen* is not to be read so broadly; it is factually distinguishable and inapplicable herein.

Accordingly, Appellee's Motion for Leave to Respond to Appellant's Brief of Supplementary Authority Should Court Grant Leave to File Said Brief is moot.

## II. APPELLANT'S MOTION FOR LEAVE TO APPLY TO TRIAL COURT TO AMEND RECORD NUNC PRO TUNC and APPELLEE'S OBJECTION

■ This Court ordered Appellant to show cause why a document filed by appellant, entitled "Notice of Final Judgment" should not be expunged from the record on appeal for failure to follow correct procedure to supplement the appellate record. The *Notice of Final Judgment* relates to a Texas court proceeding which determined the wife herein abandoned her husband, the Decedent, and was therefore not entitled to Texas homestead rights. Appellant contends that the Texas judgment, which affirms a Texas trial court finding the wife abandoned her husband, is relevant to this case because the fact of abandonment is a factor by which the wife is estopped to claim a share in the estate of Decedent. The Texas judgment is irrelevant to this case. It has no further significance than determining the wife is not entitled to Texas homestead rights, which is not an issue before us in this appeal. As stated above, we do not find the marital relationship herein had ended or that she is estopped from claiming her entitlement to take part of Decedent's estate under *Allen*. We find the motion to amend the record should be and is denied.

## III. APPELLEE'S MOTION TO DISMISS THIS APPEAL

Appellee's motion to dismiss this appeal was deferred until consideration of this case on the merits. The grounds for Appellee's motion is that Appellant lacks standing to bring this appeal. This motion is denied.

This appeal deals with an ancillary probate proceeding in Oklahoma. The original probate of the estate of Laurence D. Miller, Jr., deceased, was filed in Texas (the domiciliary state) by his Executor and son, Laurence D. Miller, III, (Miller), (Appellant). Anne B. Miller (Appellee) was legally mar-

ried to Miller at the time of his death. Miller's will left his entire estate to his son, Appellant herein. Appellee elected to take against the will as to the real property (mineral interests) which was the subject of the ancillary probate proceeding in Oklahoma. She requested a partial distribution of the ancillary estate, and the trial court in Cleveland County ordered it distributed to her. This appeal followed.

Appellant raises the following propositions of error:

(1) The trial court erred in ordering a partial distribution of the estate because that order circumvented the statutory provisions for final distribution to the domiciliary executor;

(2) The trial court erred in ordering partial distribution because Appellee's heirship is in dispute;

(3) The trial court erred in ordering a partial distribution by failing to apply 58 O.S.1981 § 633, which Appellant claims is dispositive of the application for partial distribution;

(4) The trial court erred in ordering a partial distribution by failing to follow Oklahoma statutes which apply the law of Testator's domicile in determining the validity of the will and in making any distribution; and

(5) The trial court erred by not applying 58 O.S.1981 § 633 literally, because (A) its policy rationale is consistent with "the most significant relationship rule" now adopted by the Oklahoma Supreme Court, and (B) it is supported by the factors applicable to a reasoned choice of law, and (C) it is consistent with recently enacted legislation dealing with ancillary administration.

First, Appellant contends that 58 O.S. 1981 § 633, is the only statute relating to distributions in ancillary probates, and that it contemplates only *final* distribution to the foreign executor. He contends also that the statutes for allowing partial distributions are applicable only to original probate proceedings and that use of these statutes circumvents and avoids the statutory provisions for final distribution in ancillary proceedings. Appellee responds that the trial court correctly ordered the

partial distribution under 58 O.S.1981 §§ 621–624; that Appellee followed the statutory procedures correctly; and that because there were no claims filed against the estate and no tax burdens, the trial court was within its discretion in ordering that the partial distribution be made to her. See 58 O.S.1981 § 624. Appellee further responds, in her response to another proposition, that § 633 is inapplicable to the partial distribution in this case because it relates only to distributions of personalty, and further, that the statute "limits distribution to foreign executors only when distributions are made 'after final settlement of accounts of administration.' " (Appellee's Brief, p. 22). Appellee has cited cases from other jurisdictions which hold that partial distributions are made for the purpose of expediting the transfer of property to the correct heir.

■ It is well settled in Oklahoma that a foreign executor may not hold, or convey, title to real property located in Oklahoma. See *Smith v. Reneau,* 188 Okl. 629, 112 P.2d 160 (1941) (an ancillary proceeding is necessary to vest title to real property located within this state). The foreign executor could not have conveyed title to Appellee, and it would therefore have been senseless to require that the property be delivered to Appellant. Public policy requires that Oklahoma law determine the transfer of title to real estate. See also 84 O.S.1981 § 20 which provides:

*Law governing validity and interpretation of wills*

Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this State, by the law of this State; when relating to personal property, by the law of the testator's domicile.

Texas is a community property state; transferring the property to a Texas executor for delivery of the property to Appellee through the domiciliary probate proceeding would not insure that the laws of descent and distribution of Oklahoma, as opposed to the laws of Texas, would be followed.

■ Section 633, as applicable here, would not authorize the Oklahoma probate court to order the real property sold and

then transfer the proceeds to the foreign executor because this is authorized only when the real property or the proceeds of the sale thereof are to be distributed (in any event) to the beneficiaries named in the will and in accordance therewith. In the case being considered, the widow has elected to take her statutory share instead of allowing the will to be followed. To permit the real property to be sold and the proceeds distributed to the Texas executor for distribution pursuant to the will would defeat the public policy and the statutes of the state of Oklahoma relating to a widow's right of inheritance from her deceased spouse. If the trial court had proceeded and entered orders and judgments in accordance with Appellant's contentions, we would hold that to be error and an abuse of judicial discretion.

■ To expedite the ancillary probate proceeding, the trial court ordered the property interest distributed to Appellee. This action was within its discretion. Further, we agree with Appellee that 58 O.S. 1981 § 624 is the correct statute to consider when seeking a partial distribution, even in an ancillary probate proceeding. We find nothing in the probate statutes that limits § 624 to probate cases for Oklahoma domiciliaries. Appellant refers to 58 O.S. 1981 § 677, relating to summary ancillary proceedings, to support his position that title should only be passed pursuant to a final order of the domiciliary court. This point is not well taken in this case. This type of proceeding was not invoked in the instant case. It is a procedure intended to expedite distribution in a probate proceeding involving a foreign domiciliary probate and an ancillary Oklahoma probate in which there is no objection by any interested party or creditor. 58 O.S. 1981 § 677(H) provides:

H. If the court, upon hearing objection to the petition, finds and determines that the objection has merit, the court shall appoint a personal representative and the estate shall be conducted in accordance with the law as it applies to probate of an estate of a resident of the State of Oklahoma.

Appellant contends the Legislature could not have intended for the substantive rights of the beneficiaries to be determined differently under § 633 and § 677. However, we find the insertion of subsection H to mean that if an objection is filed, the summary procedure would not be used, and the proceedings would be conducted by the law applicable to regular probate proceedings. The interest in expediting the proceedings is subject to the rights of creditors and beneficiaries to object, such as in the case before us. Our discussion of the issue regarding the applicability of 58 O.S. 1981 § 633 resolves Appellant's Propositions I and III.

■ We do not find merit in Appellant's contention that Appellee's heirship is disputed. The law in Oklahoma provides that a partial distribution may not be made if the heirship to the estate is disputed. See *In re Coyne's Estate*, 103 Okl. 279, 229 P. 630 (1924); *In re Tayrien's Estate*, 207 Okl. 401, 250 P.2d 16 (1952). As above stated, we do not find *Allen v. Allen* to be dispositive of, or applicable to, this appeal as to whether Appellee is estopped to claim her share of Miller's estate. Under Oklahoma law, Appellee was married to Miller at the time of his death, regardless of the fact that Appellee had filed a divorce petition, or that a Texas court found that she had abandoned him. Appellant has presented no other reason, or pointed to any other evidence, for support of the allegation that Appellee's heirship is in dispute. Appellant has cited no other authority for the proposition that Appellee is not the "surviving spouse" of Miller under 84 O.S. 1981 § 213. Appellant's Proposition II is therefore without merit.

■ In Proposition IV, Appellant again contends that 58 O.S. 1981 § 633 requires that the entire estate be distributed to the domiciliary executor for distribution under the will. In this proposition, however, he contends that the law of the decedent's domicile controls the law applicable to the right of a surviving spouse to claim an intestate share. In support of this position, he cites *Youngblood v. Rector*, 126 Okl. 210, 259 P. 579 (1927) and *Mitchell v.*

*Cloyes,* 620 P.2d 398 (Okl.1980). These cases, however, do not address the issue which exists in the present case: whether Appellee may take her elective share against the will in an ancillary probate proceeding in Oklahoma. In fact, the appellate courts of this state have held to the contrary. See *Stinson v. Sherman,* 405 P.2d 172 (Okl.1965); *Estate of Smart,* 676 P.2d 1379 (Okl.App.1983). There is no provision in 84 O.S.Supp.1985 § 44, Oklahoma's widow's election statute, limiting this election to probates of Oklahoma domiciliaries, or excluding the right of a spouse involved only in an ancillary probate proceeding. (Subsection A, applicable herein, applies to estates of decedents who die before July 1, 1985.) Considering § 44 along with 84 O.S. 1981 § 20, set out above, we cannot reach the conclusion urged by Appellant. Appellee was correctly allowed to take her widow's election in the Oklahoma ancillary probate. Her right of election to take against the will is granted to her by the statutes of Oklahoma. See 84 O.S. 1981 § 213 and 84 O.S.Supp. 1985 § 44(A). We find no error.

It is unnecessary therefore to address Appellant's choice of law discussion, as we find the issues addressed in this opinion to be dispositive of this appeal. The order of the trial court granting Appellee's request for partial distribution of the Oklahoma ancillary probate is AFFIRMED.

AFFIRMED.

BAILEY, V.C.J., and REYNOLDS, J., concur.